MILLER, APPELLANT, *v.* MILLER, APPELLEE.

[Cite as Miller v. Miller, 7 Ohio App. 2d 22.]

(No. 682—Decided June 29, 1966.)

*Mr. John C. Firmin,* for appellant.
*Mr. Marcus C. Downing,* for appellee.

GUERNSEY, J. Plaintiff, Rosemary Miller (Osmialowski), appellant herein, obtained a divorce from the defendant, Ernest D. Miller, appellee herein, on January 18, 1963. In its decree the Common Pleas Court of Hancock County awarded custody of their minor child, Paris Marie Miller, to the mother, and approved ''the property settlement executed by the parties

which is attached hereto and marked 'Exhibit A' and made a part hereof." "Exhibit A" to the decree consisted of a document entitled "Separation Agreement" and, among other things not here pertinent, provided that "the said husband shall have reasonable rights of visitation to visit said minor in the home where said minor is residing, and that the said father shall not take the said minor from said residence unless the said mother accompanies the said child until further order of the court should the parties be divorced hereafter. Said times of visitation shall be a day each week as shall be agreed upon between the parties."

There is nothing in the court's decree, the separation agreement, or in any other part of the record now before us, showing the reason why the visitation rights of the father with respect to the minor child were conditioned upon his visiting in the home of the mother or upon the child being accompanied by her mother. The mother claims, however, and the father seems to concede, that these conditions were made applicable because of a propensity of the father, existing before the divorce, to occasionally conduct himself publicly in an immoral manner, which propensity would probably be discouraged by the presence of the mother.

On February 17, 1965, the father filed his motion in the divorce court for an order to modify the decree of January 18, 1963, "so as to change said visitation from the residence of the plaintiff to the residence of this defendant, once each week, without the plaintiff accompanying said child, for the following reasons:

"a. Since said divorce decree plaintiff has been remarried and the visitation in her residence with said child is far from satisfactory and embarrassing.

"b. That defendant has since remarried and during the time said child is visiting with defendant said visitation will be in the presence of, and accompanied by, his present wife."

Upon the hearing of this motion the facts of remarraige were established, as was the fact that the father's present wife has an eleven year old daughter by a prior marriage living in their home. A report of a psychiatric examination of the father, brought about by court order on motion of the mother, was received in evidence when offered by her, and was to the

effect that the father had "never undergone psychiatric treatment and his entire personality is, therefore, very much in doubt" and that "it would, therefore, be only fair to not permit him to see the child unattended till he presents to the court evidence he has undergone investigation and treatment." The father testified that he no longer has his immoral problem and that at no time during his life has he ever molested any children. There was no evidence offered by the mother of any immoral conduct on the part of the father subsequent to the divorce and all her evidence relating thereto was with regard to conduct occurring, or alleged to have occurred, prior to the divorce.

The Common Pleas Court found the father's motion for change in visitation rights well taken and ordered "that said visitation privileges afforded to the defendant, as provided in their property settlement agreement, made a part of the divorce decree herein, be modified as follows:

"The defendant shall have the right to the visitation with, and companionship of, his said daughter on the first and third Sundays of each and every month, from 1:30 p. m. to 7:30 p. m., commencing on the 18th day of July, 1965, providing that during said visitation period, defendant's present wife and step-daughter accompany, or be with, defendant's daughter at all times during said visitation periods, that said daughter shall remain in the state of Ohio during said visitation periods, all until further order of the court."

It is from this order that the mother of the minor child, who, on July 9, 1965, was 4½ years of age, has now appealed.

Her first assignment of error is that the "defendant's motion of February 16, 1965, failed to state grounds necessary to sustain a modification order," and her second assignment is that "the order modifying visitation rights is contrary to law, against the manifest weight of the evidence and is unreasonable." Each of these assignments is based on the claim that the grounds set forth and the evidence adduced do not show such changed conditions affecting the welfare of the child that a change in visitation is required to promote the child's best interests and welfare.

In most custody cases appellant's contention as to the necessity of proving a change in these conditions would have some merit. As stated by Judge Hunsicker in his opinion in

*Bastian* v. *Bastian*, 81 Ohio Law Abs. 408, 73 A. L. R. 2d 1440:
"* * * The pole star in all custody matters between parents is, what is for the best interests of the child whose custody it is sought to change, subject, however, to the rule that *where a court has once decreed that a home with one of the parents is fit and proper,* no subsequent change of custody should be made, unless there has intervened such changed conditions affecting the welfare of the child that a change of custody is required to promote the best interests of that child. * * *" (Emphasis added.)

However, it will be noted in the *Bastian case* that the lower court found "that *there are no changed conditions or circumstances which would justify the court in modifying or changing the previous order of this court based upon the agreement of the parties*" (emphasis added), and the appellate court held that "when unfortunate circumstances occur within the family that the question of custody is brought into a court of competent jurisdiction" "the law permits a judicial interference with the natural rights of the parents; and then nothing that the parents do, in the matter of agreement for custody, can usurp the duty of the court to determine, as between the parents, that which is for the best interest of the children so situated."

It must be concluded from the *Bastian case,* which we approve and follow, and we now hold, that where a divorce court has by its decree discharged its duty under the provisions of Section 3109.05, Revised Code, with respect to the determination of visitation rights of the parent deprived of a minor child's custody, by merely accepting as its order as to visitation that to which the parties have agreed, but without specifically determining what would be for the child's best interest and welfare, and the parents thereafter disagree and a motion for modification is filed by the parent deprived of custody, the court is not bound by the agreement and, though there are no changed conditions or circumstances which would otherwise justify the court in modifying or changing the previous order, the court must determine that which is for the best interest and welfare of the child and, in the exercise of its discretion, may modify the visitation rights accordingly.

If it can be said that the Common Pleas Court here approved the visitation rights set forth in the separation agreement by

approving the "property settlement executed by the parties," it did not in its decree specifically determine what visitation rights would be for the child's best interest and welfare, and upon the hearing of the motion to modify it could then discharge its duty and exercise its discretion by then determining what visitation rights would be in the best interest and welfare of the child, whether there was evidence of a change in conditions or circumstances relating thereto subsequent to the original decree or not. On this state of the record we cannot interfere with the modification order of the trial court unless there is shown an abuse of discretion. This we do not find.

Appellant's third assignment of error is that "the court failed to cause an investigation to be made as required by Revised Code Section 3105.08." The statutes and cases distinguish generally between orders as to custody and orders as to visitation and the conditions precedent thereto. We find no statutory basis for appellant's claim that the investigation and report thereof prescribed by Section 3105.08, Revised Code, are conditions precedent to an order modifying visitation rights. In our opinion they are not.

This court finding no error in the particulars assigned, the judgment of the Common Pleas Court from which this appeal was taken is affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.