CHEEK, APPELLEE, *v.* CHEEK, APPELLANT.

(No. 82AP-2—Decided June 29, 1982.)

*Jeffrey A. Grossman Co., L.P.A.,* and *Mr. Jeffrey A. Grossman,* for appellee.

*Mr. David E. Friedlander,* for appellant.

WHITESIDE, P.J. Defendant appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, increasing child-support payments to be made by him for the parties' two minor children from $50 to $75 per week per child and raises a single assignment of error, as follows:

"The trial court erred and abused its discretion to the prejudice of the defendant in sustaining the motion of the plaintiff for an increase in the order of child support upon evidence insufficient to support such increase."

The parties were divorced by decree entered February 20, 1979, having previously reached an in-court agreement as to property settlement and child support, which was incorporated into the decree. In June 1980, plaintiff filed a motion requesting an increase in child support because of alleged change of cir-

cumstances, and defendant countered a month later by filing a motion requesting a reduction in child-support payments. The matter was referred to and heard by a referee in April 1981, who rendered a report and recommendation that a change of circumstances be found and that the amount of child support be increased. Defendant filed objections to this report, which eventually were overruled by the trial court in a decision making some additional comments. Two months later in the judgment entry, the trial court adopted the report of the referee.

Defendant does not seriously contend that there has been no change of circumstances, inasmuch as his income has substantially increased, and he alleged a change of circumstances in his motion seeking a reduction in the amount of child-support payments. The parties concede that the original amount determined to be child support was predicated upon the 1978 income of defendant. His total income increased between 1978 and 1980 by between thirty-four and fifty percent depending upon the amount of business expense for 1980, as to which there was no testimony, and assuming that the non-partnership business expenses referred to for 1978 and 1979 also occurred in 1980. His income from his employment increased between forty-five and seventy percent, inasmuch as his independent income from a trust decreased slightly. All income testimony was as to gross income, rather than after-tax income. Although defendant's tax returns for 1978 and 1979 were admitted into evidence, they are not included in the record on appeal.

Defendant's contentions essentially are that there is insufficient evidence to support a fifty-percent increase in the amount of child support he is required to pay and that plaintiff enjoyed a greater percentage increase of income than he did.

As the trial court correctly noted, a motion for change in child support necessitates a two-step determination: (1) whether there has been a change of circumstances; and (2) if so, a redetermination of the amount of child support that need be made. Here, there is no question but that there has been a change of circumstances. Therefore, the issue for the trial court was whether or not such change in circumstances justified or necessitated a change in the amount of child support that defendant is required to pay for the support of his two minor children. This determination necessarily involves application of R.C. 3109.05(A), which provides as follows:

"* * * In determining the amount reasonable or necessary for child support, the court shall consider all relevant factors, including:

"(1) The financial resources of the child;

"(2) The financial resources and needs of the custodial parent and of the non-custodial parent, when there is only one custodian;

"(3) The standard of living the child would have enjoyed had the marriage continued;

"(4) The physical and emotional condition of the child, and his educational needs;

"(5) The financial resources and needs of both parents, when there are joint custodians;

"(6) The educational needs of the child and the educational opportunities that would have been available to him had the circumstances requiring a court order for his support not arisen."

Although R.C. 3109.05(A) read as set forth above at the time of the determination by the trial court, a slightly, but not significantly, different version of the statute was in effect at the time of the hearing before the referee. There appears to be some differences between the parties and some confusion at least on the part of the referee, and referred to in the decision of the trial court, arising from some prior unreported decisions of this court indicating that it is necessary for

the court to determine the needs of a child in order to determine support. This court has indicated that a proper determination of child support requires first the establishment of the monetary amount necessary for the support of the child in a standard of living commensurate with the income of his parents, following which there must be an equitable division of the support between the parents in such amount as is reasonable under all the attendant circumstances. Contrary to indications from the trial court, such conclusion is mandated by R.C. 3109.05(A), which indicates that the determination to be made by the trial court is "the amount reasonable or necessary for child support."

The amount necessary for child support is that amount necessary to maintain for the child the standard of living he would have enjoyed had the marriage continued, including his educational needs and opportunities. The amount reasonable for child support necessarily includes consideration of other factors, including the financial resources and needs of both the custodial and noncustodial parent. There can be no complete determination of the proper amount necessary for child support unless the trial court has evidence indicating the cost of maintaining that standard of living for the child. Unfortunately, at the same time, the statute recognizes that once there is a broken marriage and two households to support with the same income, it will not always be reasonable to continue to support each child in the same standard of living he would have enjoyed otherwise. However, this is the initial goal and, if feasible, must be achieved by requiring each parent to contribute to the extent that it is reasonable to require him or her to do so.

Ideally, evidence will be adduced as to all five of the pertinent factors enumerated in R.C. 3109.05(A), as well as any other relevant factors. However, the trial court is not precluded from making a determination merely because the parents failed to produce sufficient evidence as to

one of the factors since the support of the child is of paramount importance. The burden of going forward with the evidence as to a given factor may vary depending upon the circumstances of the case, but, generally, each party must bear the responsibility of bringing forth evidence as to his or her needs. Factors as to which neither party adduced evidence may be deemed by the trial court to be of no significance in determining the matter. Thus, if there be no evidence as to financial resources of the child, the trial court may assume there are no significant financial resources and apportion the entire amount either reasonable or necessary for child support between the parents.

While the determination of child support once there has been demonstrated a change of circumstances is a new determination, the trial court may, in the absence of evidence to the contrary, assume that the amount previously awarded constituted the amount necessary for child support at the time. While in many instances it cannot be reasonable to require the parents to pay or assume the full amount necessary for child support, evidence indicating that the amount previously awarded was not sufficient to maintain the proper standard of living at that time is necessary. More importantly, the initial issue is the amount necessary to maintain for the child the requisite standard of living at the time of modification. If the parents can at that time assume the full burden of such support, even though they could not previously, it is reasonable for the court to require them to do so.

In this case, there is no evidence that the award of $50 per week per child was less than defendant's full equitable share of necessary child support, taking into account the fact that defendant also assumed the burden of making mortgage payments and the burden of all medical and dental expenses, including orthodontic.

Although defendant contends that

plaintiff's income has increased significantly, the evidence indicates that her gross income for 1980 was $5,700. Her 1981 income would have been greater were it not for the fact that she lost her part-time teaching job at the end of the 1980-81 school year. During that year, she was employed as a half-time teacher, and in addition did some substitute teaching in the other half day. Her testimony indicated that her total compensation from this teaching during the 1980-81 school year would not exceed approximately $9,000. However, in terms of calendar years, this is misleading since she earned part of this in each of the years 1980 and 1981. As of the time of hearing, plaintiff had not yet obtained a job for the 1981-82 school year, although she had made application to several school systems.

After the divorce, plaintiff completed her education in order to become employable. This was anticipated at the time of the divorce, inasmuch as the decree required defendant to pay plaintiff's college tuition and to pay her $12,000 payable in thirty monthly installments of $400 each, even though designated as property settlement, rather than sustenance. At least, the record does not reveal any other source of income for plaintiff to support herself until such time that she is able to become self-supporting other than the provision that she may continue to reside in the family residence until 1989.

Although there was no express evidence as to plaintiff's financial needs, there was likewise no evidence of defendant's financial needs. There was, however, evidence of financial resources of both parties. There was a great disparity of 1980 income, with defendant's income being from fourteen to sixteen times as great as plaintiff's. Under such circumstances, it is reasonable to require him to assume a substantially larger proportion of the financial support for the parties' children.

We reject defendant's contention that the evidence does not demonstrate a need for an increase in child support. The referee's report, adopted by the trial court, states that:

"* * * the plaintiff testified that her expenses have increased, i.e., food, utilities, clothing, household expenses, etc.; that her son is growing and eating more; that she has had to have repairs in connection with a breakdown with the water pump and electrical system. She said that prior to the divorce her children participated in recreational activities, which required expenses, i.e., dancing lessons, piano, camp, etc. For a while after the divorce the defendant gave his children an allowance, but since has discontinued it. Their son has had part-time jobs, cutting grass, etc., in order to get additional income for himself."

The referee further noted in finding there to have been justification for an increase in child support that, "the evidence showed that the defendant's income for 1978 to 1980 has increased fifty percent * * *," and that "the referee will take judicial notice of the fact that there has been a substantial increase in the cost of living expenses between 1978 and 1981." Plaintiff testified that the increase in living expenses was eighteen percent. She further testified that for some time after the divorce defendant gave his daughter $8 per week and his son $20 per month as allowance in addition to paying the child support.

Assuming that the original $50 per week per child was a reasonable amount for child support, and taking into account both the cost of living as testified to by plaintiff and the monetary allowance which defendant discontinued, there still is no basis for a fifty-percent increase in child support reflected by the record itself. Apparently, the referee's finding, adopted by the trial court, is predicated upon an assumption that the original $50 per child per week child support was inadequate to meet the needs for the children to enjoy the standard of living upon which the amount of necessary sup-

port must be predicated, especially in view of the evidence that there was only an eighteen percent increase in cost of living. Unfortunately, there is nothing in the record upon which to base such a determination other than the fact that defendant did give an allowance to the children following the divorce, permitting an inference that the amount of support paid was inadequate to meet the need for an allowance as part of the ordinary standard of living for the children.

From the evidence which does permit, if not mandate, an increase in the amount of child support, and the report of the referee adopted by the trial court, it must be concluded that the primary reason for the determination of the amount of increase in child support was the finding that the defendant's income had increased fifty-percent, without evidence that his financial needs had a corresponding increase. The parties relied strictly upon gross income, rather than after-tax or "take-home" income. It is a matter of common knowledge that, as income increases, a greater percentage of that income must be paid out in income taxes until maximum rates are reached. Thus, a fifty-percent increase in gross income does not necessarily result in a fifty-percent increase in net income. In any event, R.C. 3109.05 does not provide for the apportionment of income but, rather, the determination of child support to be paid by custodial or noncustodial parents in such amounts as may reasonably be required in an effort to meet the necessary financial needs of the child for support at the same level or standard of living he would have enjoyed had there been no divorce. In making the apportionment and determination of the amount of child support to be paid, all resources available to meet the amount necessary for child support must be considered, including the financial resources of the child and both parents and the financial needs of both parents.

Although a court should not deny support to a child because his parents have not presented the evidence in the most desirable or complete fashion, nevertheless, the statute contemplates that evidence will be adduced upon all applicable relevant factors set forth in the statute. If the parties fail to introduce evidence as to one or more of the factors, the trial court may consider them not to be material in making the appropriate determination.

Accordingly, the trial court did not err in finding a change of circumstances or in finding a need for a substantial increase in child support, at least sufficient to meet the increase in cost of living and the amount of the children's allowances, as to which there was evidence. Unfortunately, these do not demonstrate a basis for a fifty-percent increase in child support. Nor is there any evidence indicating that the original amount awarded for child support was not equal to the amount necessary for child support (except for the allowances). While we concur in the implication from the trial court's decision that, as the parent's ability to provide a better standard of living for the children increases, R.C. 3109.05 requires that the children be given the additional benefit for the standard of living they would have enjoyed had the marriage continued, which requires consideration, *inter alia,* of the current financial status of the parents, although divorced. Here, there is no evidence and no indication that the change in the standard of living would be such as to require a fifty-percent increase in child support under the circumstances. While, in light of the total circumstances in the record, it might not be unreasonable to require a substantially greater payment for child support than the order appealed from, the evidence in the record does not permit that conclusion at this time. Accordingly, to this limited extent, the assignment of error is well taken. That is, although the record justifies a substantial increase in child-support payments, there is insufficient evidence to

justify a fifty-percent increase in child support at this time.

For the foregoing reasons, the assignment of error is sustained in part and overruled in part; and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed insofar as it finds a substantial change of circumstances and orders an increase in child support, but is reversed with respect to the amount of increased support determined; and this cause is remanded to that court with instructions to conduct a new hearing to receive evidence as to the appropriate amount of child support to be paid by defendant from and after May 1, 1981; and the costs of this appeal are assessed against appellant.

*Judgment reversed in part and affirmed in part, and cause remanded with instructions.*

NORRIS, J., concurs.

STRAUSBAUGH, J., dissents.

STRAUSBAUGH, J., dissenting. I respectfully dissent from that part of the decision of the majority reversing in part the order of the trial court. An examination of the record indicates that there is sufficient, competent, credible evidence to support a finding by the trial court that there has been a substantial change in circumstances warranting an increase in the child-support order. Indeed, the majority in its decision finds that the trial court did not err "in finding a change of circumstances or in finding a need for a substantial increase in child support, * * *" and later that "* * * the record justifies a substantial increase in child-support payments, * * *."

I find no abuse of discretion on the part of the trial court and would affirm.