ROHRBACH, APPELLANT, *v.*
ROHRBACH, N.K.A. BURDETTE,
APPELLEE.

(No. CA-899—Decided
August 2, 1988.)

*Henderson, Harpster, Vanosdall &
Vercillo* and *Damian J. Vercillo,* for
appellant.

*Gongwer, Shafer & Auten* and *Anthony R. Auten,* for appellee.

MILLIGAN, J. In 1981, appellant and appellee were granted a dissolution of marriage. The decree of dissolution, which incorporated the parties' separation agreement, required appellant to pay child support for the parties' two minor children. On November 26, 1986, appellee filed a motion with the Court of Common Pleas of Ashland County seeking an increase of child support. After a lengthy discovery period, the trial court heard this matter on November 10, 1987. Subsequently, the trial court, by judgment entry dated December 2, 1987, awarded appellee an increase in child support payments. Based on calculations in accordance with C.P. Sup. R. 75, appellant's child support obligation increased from $300 per month per child to $460 per month per child. It is this increase in child support from which appellant now appeals.

Appellant assigns the following as error:

Assignment of Error No. 1

"The trial court erred in granting petitioner-appellee Paula Lee Rohrbach's, now known as Paula Lee Burdette's (hereinafter referred to as 'appellee's') motion for an increase in child support as said order was against the manifest weight of the evidence, contrary to law and an abuse of discretion."

Assignment of Error No. 2

"The trial court erred in not hearing and not considering evidence as to appellee's need for additional child support and the manner in which said child support would be spent, as well as not considering evidence as to appellant's ability to pay the increase in child support as ordered."

Because these assignments of error are of essentially the same concern, they shall be treated together.

This case is governed by the Ohio Child Support Guidelines, effective October 1, 1987.[1] Although appellee filed her motion for increase in November 1986, the guidelines are nonetheless controlling. "These guidelines apply to court orders from domestic relations

---

[1] The impact of the guidelines has changed in view of the October 1, 1988 amendments to them. See 39 Ohio St. 3d xlv-lx.

and/or juvenile courts * * *." C.P. Sup. R. 75(B).

As of October 1, 1987, the effective date of the above rule, all cases over which courts of domestic relations have control are subject to the guidelines.

## I & II

Modification of child support is a two-step process. The moving party must first show a change in circumstances. Second, based on these circumstances as well as any other relevant factors, modification may be fashioned by the court. See, *e.g.*, *Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86, 2 OBR 95, 440 N.E. 2d 831.

Under the Ohio Child Support Guidelines, the obligee need only show more than a ten percent variance between the guideline formula and the extant judgment. Standing alone, the variance is a "change of circumstances." The guidelines provide:

"[W]hen a support order due an obligee would have a variance in excess of 10%, that variance shall be deemed to be a substantial change of circumstance to justify a modification." C.P. Sup. R. 75(B).

All the obligee need show is a difference in excess of ten percent between the existing child support payments and the child support payments under the guidelines. If the obligee can meet this requirement, the step requiring a showing of a change of circumstances has been satisfied. We find that appellee has met this initial burden as evidenced by the fifty-four percent increase in appellant's child support payments.

Once this step is satisfied, it is incumbent upon the parties to show how all relevant facts surrounding their situations should affect the amount of child support obligation. R.C. 3109.05.

The record reveals no abuse of discretion by the trial court in increasing appellant's child support obligation, especially when neither party adduced any evidence at the hearing which would warrant a deviation from the figure derived from the objective, independent standard of the Income Shares Model. 14 Ohio Practice, Family Law (1975, Supp. 1988) 26, Section 4055.1.

The assignments of error are overruled.

The judgment of the Court of Common Pleas of Ashland County is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and TURPIN, J., concur.