**McGann v. McGann**
*[Cite as 4 AOA 306]*

*Case No. 57020*
*Cuyahoga County, (8th)*
*Decided June 21, 1990*

*Timothy J. Armstrong, 1275 The Midland Building, 101 Prospect Avenue West, Cleveland, Ohio 44115-1091, for Plaintiff-Appellee.*

*Bernard H. Niehaus Co., L.P.A., 450 Standard Building, Cleveland, Ohio 44113, for Defendant-Appellant.*

KRUPANSKY, P.J.

Plaintiff, Susan McGann, filed a complaint for divorce, alimony, custody, child support, restraining orders, and other relief in the Cuyahoga County Court of Common Pleas, Domestic Relations Division, case number 148517 against defendant, Regis McGann. The divorce was granted on June 6, 1985. On April 16, 1987, plaintiff filed a motion to modify support order. The matter was heard before a referee who issued findings of fact, conclusions of law and recommendations. On December 14, 1988 the court, after overruling defendant's objections, adopted the referee's recommendations in favor of plaintiff. Defendant filed a timely notice of appeal.

The relevant facts follow:

Plaintiff's motion to modify the support order claimed defendant, an attorney, had a substantial increase in income since the divorce was granted due to his opening his own private practice. On June 16, 1987, plaintiff attempted to serve defendant with a subpoena duces tecum requesting certain financial records. Service was unsuccessful because plaintiff had sent the subpoena to defendant's former business address. On October 20, 1987, plaintiff again attempted to serve a subpoena duces tecum on defendant requiring him to bring financial and real estate records to a hearing scheduled for November 5, 1987. The subpoena was again sent to defendant's former business address. However, the subpoena was reissued on November 3, 1987 and sent to defendant's correct address. Although service of the first two subpoenas was never properly served, defendant was aware of the request as evidenced by the fact that some of the financial records were made available to plaintiff. Defendant did not, however, supply any real

estate records at the November 5, 1987 hearing. Plaintiff's motion to modify was again set for hearing on April 26, 1988. Defendant again failed to bring the subpoenaed records with him. On November 1, 1988 the referee issued her recommendations. Plaintiff was granted an increase in child support of ten dollars per week per child. Defendant was allowed to take the full federal income tax deduction for his three minor dependents. This resulted in net gains for both plaintiff and defendant since defendant was in a higher tax bracket than plaintiff. The referee's report explained this as follows:

"The use of the deduction by the Defendant will generate more tax savings than were it to remain with the Plaintiff. The Defendant's income places him in the 28% bracket thus the children's deduction saves him $1,638 per year ($1,950 x .28 x 3 children). The Plaintiff's income is taxed at 15% thus the deduction saves her $877.50 per year (1,950 x .15 x 3). Allowing Defendant to claim the children will result in a net decrease in Defendant's out-of-pocket expenses even with a $10.00 per week per child increase in his child support obligation because the child support increase will cost him $1,560.00 per year while the deduction saves him $1,638.00 per year. The Plaintiff, on the other hand loses $877.50 per year on her tax savings but gains $1,560.00 in weekly payments."

Based on defendant's failure to supply the subpoenaed records, the referee also awarded plaintiff attorney fees of $1,625.

Defendant filed objections to the part of the referee's report granting attorney fees and increased child support. The trial court overruled defendant's objections and approved the report of the referee.

Defendant's first assignment of error follows:

"THE COURT ERRED IN MODIFYING THE CHILD SUPPORT ORDER TO COMMENCE ON APRIL 17, 1987 INASMUCH AS THE COURT HAD NO TESTIMONY OR EVIDENCE BEFORE IT CONCERNING THE DEFENDANT'S EARNINGS FROM APRIL 17, 1987 TO DECEMBER 31, 1987."

Defendant's first assignment of error lacks merit.

Defendant contends the trial court abused its discretion by modifying the child support order retroactive to April 15, 1987, the date the motion to modify the support order was filed. Defendant argues there was no evidence to support a finding of changed circumstances

during 1987. Defendant's argument is unpersuasive.

"[P]arties are entitled to have the order of the trial court relate back to the date upon which the motion for a modification of child support was filed. Any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations. * * *

"[T]he trial court has considerable discretion in determining whether a child support order should be modified." *Murphy* v. *Murphy* (1984), 13 Ohio App. 3d 388, 389.

In the case *sub judice* the referee based her computation of defendant's income on financial documents *provided by defendant* from January 1, 1988 to July 21, 1988. Although requested to do so, defendant did not provide financial records for the year 1987. Defendant cannot now complain that the court abused its discretion by not using records which defendant did not supply. The trial court acted well within its discretion retroactively ordering the support payments to the date the motion to modify was filed.

Accordingly, defendant's first assignment of error is not well taken and overruled.

Defendant's second assignment of error follows:

"THE COURT ERRED IN AWARDING ATTORNEY'S FEES TO THE PLAINTIFF BECAUSE: A) THE COURT FAILED TO TAKE ANY TESTIMONY FROM THE ATTORNEY PROVIDING THE SERVICE FOR WHICH THE FEES WERE REWARDED; B) THE SERVICES PROVIDED BY THE ATTORNEY WERE FOR MATTERS OTHER THAN THE COURT'S STATED REASON FOR AWARDING THE FEES; AND C) THE FEE COMPUTATION WAS STRICTLY A MATHEMATICAL FUNCTION."

Defendant's second assignment of error has merit.

Defendant contends the trial court erred in granting plaintiff an award for attorney fees. Defendant argues there was no testimony from plaintiff's attorney and that the court merely used a mathematical computation of hours multiplied by an hourly rate. Finally, defendant argues the court's award was a sanction for not complying with the subpoenas duces tecum, but the attorney fees included matters unrelated to his non-compliance. Defendant's arguments are persuasive.

The awarding of attorney fees is within the sound discretion of the trial court. *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 90. Upon appeal the only questions for inquiry are whether the factual conclusions upon which this trial court based the exercise of its discretion were against the manifest weight of the evidence; or, whether there was an abuse of discretion. *Id.* at 90.

"[T]ime expended is only *one* of the factors to be considered.

"The value of services may be greater or less than that which would be reflected by a simple multiplication of an hourly rate by time expended. We think that in divorce cases, as in probate cases, '[t]o employ the timeclock method alone as the test for legal services * * * would certainly be improper and result in completely inadequate fees in large estates and disproportionately high fees in modest ones.

"Indeed, it is recognized that domestic relations cases tend to consume a considerable amount of time and that counsel must generally realize that he cannot always expect full compensation for the time so consumed." (Citations omitted.) *Id.* at 92.

A party's non-compliance with court ordered discovery may be taken into consideration by the court when making its award. *Lenzo* v. *Lenzo* (Feb. 1, 1990), Cuyahoga County App. No. 56531, unreported. In addition, the authority to award attorney fees extends to post-decree modification cases. *Cohen* v. *Cohen* (1983), 8 Ohio App 3d. 109.

However, in the case *sub judice*, plaintiff's attorney had withdrawn prior to the conclusion of the case, but had submitted an itemized listing of work completed and the time expended. However, no testimony was taken and defendant did not have the opportunity to cross-examine plaintiff's attorney regarding the fees. In addition, no evidentiary proof was provided to the court in the form of sworn affidavits regarding said fees. Therefore, the court abused its discretion in awarding plaintiff attorney's fees without proper evidentiary support. The case *sub judice* must be remanded to determine reasonable attorney's fees pursuant to *Swanson, supra*.

Accordingly, defendant's second assignment of error is well taken.

Defendant's third assignment of error follows:

"THE COURT ERRED IN FINDING THAT THE DEFENDANT FAILED TO RESPOND TO PLAINTIFF'S SUBPOENA."

Defendant's third assignment of error lacks merit.

Defendant contends the court erred by accepting the referee's finding that defendant

failed to comply with plaintiff's subpoena. Defendant argues the first two subpoenas were served at the wrong address, and the third subpoena was not served with enough notice to produce the requested documents. Finally, defendant argues that eventually all requested documents were produced. Defendant's arguments are unpersuasive.

Defendant admits he did not comply with the terms of the subpoena. He knew the information relating to his current income was the most controversial issue. Yet, defendant repeatedly delayed providing the needed documents. Defendant was aware of the first subpoena and the second subpoena. He was also aware at least two hearings were continued because he did not provide the information. He cannot now plead surprise when he received the third subpoena. Due to defendant's delaying tactics, approximately one and one-half years, four separate hearings were required to determine defendant's current income. Only *after* the fourth hearing did defendant finally provide the critical information. Therefore, the court did not err in finding defendant failed to respond to plaintiff's subpoena.

Accordingly, defendant's third assignment of error is not well taken and overruled.

Defendant's fourth assignment of error follows:

"THE COURT ERRED IN GRANTING AN INCREASE IN APPELLANT'S WEEKLY CHILD SUPPORT OBLIGATION AS IT IS BASED UPON ERRONEOUS FINDINGS OF FACT AS TO INCOME IN THE REPORT OF REFEREE AND BASED UPON THE FINDING THAT A SIGNIFICANT CHANGE OF CIRCUMSTANCES HAS OCCURRED."

Defendant's fourth assignment of error lacks merit.

Defendant contends the referee erred in finding a change of circumstances in defendant's income that justified a modification of support payments. Defendant argues the court erred by disallowing defendant's parking expenses when computing his income. Defendant further argues the court erred by disallowing a split fee arrangement from a case defendant claims to have shared with another attorney. Finally, defendant argues the court erred in computing his income from January, 1987 through June, 1987, but did not include July, 1987. Defendant's arguments are unpersuasive.

In the case *sub judice* there is no evidence in the record to substantiate defendant's claim concerning a split fee arrangement except his allegations.

" Modification of child support is a two-step process. The moving party must first show a change in circumstances. Second, based on these circumstances as well as any other relevant factors, modification may be fashioned by the court." See, *e.g., Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86, 2 OBR 95, 440 N.E. 2d 831.

Under the Ohio Child Support Guidelines, the obligee need only show more than a ten percent variance between the guideline formula and the extant judgment. Standing alone, the variance is a "change of circumstances. The guidelines provide:

"[W]hen a support order due an obligee would have a variance in excess of 10%, that variance shall be deemed to be substantial change of circumstance to justify a modification. C.P. Sup.R. 75(B).

"All the obligee need show is a difference in excess of ten percent between the existing child support payments and the child support payments under the guidelines. If the obligee can meet this requirement, the step requiring a showing of a change of circumstances has been satisfied." *Rohrbach* v. *Rohrbach* (1988), 40 Ohio App. 3d 92, 93.

In the case *sub judice* the referee, after applying the guidelines, raised the support payments from $75 to $85 per child per month. This is a increase of 13.3% which is enough to justify a change in circumstances under the guidelines. The referee's use of the six-month income figure multiplied by two was an acceptable method for calculating defendant's income. It cannot be said this was an abuse of discretion especially when one considers the difficulty and delay caused by defendant's failure to provide income records.

As for defendant's parking expense, the referee rejected it since it would be unfair to allow defendant to deduct the expense because he is self-employed but not allow the same deduction to plaintiff because she is not self-employed. C.P. Sup.R.75 III(A)(3) provides as follows:

"(3) Income from self-employment or operation of a business, income from rental property, passive income, or potential cash flow from any source. For income from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, or rents, gross income is defined as gross receipts minus ordinary and necessary expenses incurred in generating such income.

' "* * *

"This amount may differ from a determination of business income for tax purposes."

The court determined both parties were required to pay a similar parking expense because both parties worked downtown. Defendant would still pay the expense whether he was self-employed or worked for an employer downtown. Hence, the court did not err in determining defendant's parking expense was not an ordinary and necessary expense for child support purposes.

Defendant has since remarried and purchased a new home valued at approximately $100,000. The court may take into consideration the relative positions of both parties. Therefore, the court did not abuse its discretion in granting a modification of support payments based on a change in circumstances.

Accordingly, defendant's fourth assignment of error is not well taken and overruled.

Judgment affirmed in part, reversed in parts and remanded to determine attorney fees.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

SWEENEY, J., and HOFSTETTER, J., concur.

Sitting by assignment, Judge Edwin T. Hofstetter, Retired, Eleventh Appellate District.