## Baird v. Baird
*[Cite as 7 AOA 379]*

*Case No. 89AP-1376*
*Franklin County, (10th)*
*Decided September 25, 1990*

*John D. Hobday, John D. Hobday Co., L.P.A, for Appellant.*

*Robert Scott Baird, pro se.*

REILLY, P.J.,

This is an appeal from the Franklin County Court of Common Pleas, Division of Domestic Relations. Appellant advances the following assignments or error:

"I. The Court Below erred in adopting the Referee's Report overruling Petitioner-wife Appellant's Motion for an increase in child support.

"II. The Court Below erred in recognizing the validity of Petitioner-husband Appellee's Dissolution from Jean Baird and in applying Supreme Court Child Support Guidelines in that the application of the Guidelines resulted in child support order of $30.00 per week for the child of the movant and $166.00 per week for each child born of the union between Jean Baird and Petitioner-Appellee.

"III. The Court Below erred in failing to find a substantial change of circumstances to justify a modification of the child support when the support order due Petitioner-Appellant had a variance in excess of ten percent (10%) of the guideline amount.

"IV. The Court Below erred in ordering arrearage of $15,250.00 on child support to be liquidated at the rate of $10.00 per week."

The parties were married in 1972. During the marriage, their daughter Jodi was born. The marriage lasted for several years, but ended in a dissolution in 1976. Appellant was awarded custody of Jodi. Appellee was ordered to pay $30 per week as child support for her. Both parties remarried. Three children were born during appellee's second marriage.

Appellant filed a motion on September 3, 1987 requesting the court to find appellee in contempt for failing to pay any child support. After this motion was filed, but before a hearing was held on the matter, appellee obtained a dissolution of his second marriage. During the same period, appellee signed an agreement that was incorporated into the dissolution decree, which provided alimony and child support for his second family. This agreement conveyed all of appellee's income to his second family.

On July 28, 1988, a hearing was held before a referee to consider appellant's motion to modify the child support awarded to contempt. As to the modification issue, the appellant and her motion for referee found that appellant did not present sufficient evidence of a substantial change of circumstances to justify a modification of Jodi's child support. With respect to the contempt issue, the referee found that appellee was in arrears on his child support to Jodi in the amount of $15,250. He recommended that appellant repay this amount at the rate of $10 per week until liquidated, finding that this was all appellee could afford,

considering his substantial support obligations to his second family. The referee found that appellee's dissolution of his second marriage was not a fraud or sham. Hence, the referee accepted the amount of agreed support for appellee's second family as a valid court order.

The trial court overruled the objections of both parties and adopted the referee's report. Thereafter, appellant appealed to this court.

In the first and third assignments of error, appellant contends that the referee should have found that a modification of child support was warranted. These assignments of error are interrelated and considered together.

This court wrote in *Oates v. Oates* (Sept. 12, 1989), Franklin App. No. 89AP-32, unreported (1989 Opinions 3206):

"Generally, the party seeking to modify an existing support order must demonstrate a change of circumstance and an equitable redivision of the support order which is reasonable under the circumstances. *Cheeks v. Cheeks* (1982), 2 Ohio App. 3d 86, 87-88. To warrant an increase in an existing support order, the evidence must demonstrate either an increase in the child's needs since the time of the original order or that the parents' resources have increased to more adequately provide for the child's reasonable support. *Bright v. Collins* (1982), 2 Ohio App. 3d 421, 425." *Id.* at 3212.

Further, a trial court may utilize the Child Support Guidelines of C.P. Sup. R. 75 as a basis for finding a substantial change of circumstances. *Id.* at 3213.

The preface to the Child Support Guidelines states, in pertinent part:

"When a support order due an obligee would have a variance in excess of ten percent (10%), that variance shall be deemed to be a change of circumstance which may be considered by the court in determining whether all the changes of circumstance are substantial enough to require a modification of the support order. The court shall determine from applicable statutory and case law whether the change of circumstance is substantial and not contemplated at the time of the last prior order. If the court then determines that a change in support is merited, it is not mandatory that the child support be modified to the level of the guidelines."

This rule has been amended to require a court to determine whether there is a substantial change of circumstances. Under the prior version of the guidelines, a ten percent variance *per se* constituted a substantial change of cir-

cumstances which would justify modification. See *Rohrbach v. Rohrbach* (1988), 40 Ohio App. 3d 92. Under current guideline practice, a ten percent variance is deemed a factor that the court must consider in connection with other relevant circumstances to determine if there is a substantial change in circumstances not contemplated at the time of the last order.

The referee stated in his report that "*** under any computation there would be a 10% variance between the guidelines and the current order ***." But, the referee found that this circumstance alone did not constitute a substantial change in circumstances. The referee found that appellant did not introduce evidence of parental resources and the needs of the child. Specifically, the referee found that appellant should have presented evidence relating to the 1976 child support order so that it could be determined if there was a change of circumstances.[1] Because appellant failed to present evidence credible to the referee, he found that a substantial change of circumstances was not demonstrated.

The evidence at the hearing established several significant changes in circumstances between the parties. First, as the referee noted, the 1976 child support order for $30 per week is substantially less than the current scheduled amount of support under the guidelines. Second, both parties have remarried. Evidence was introduced regarding the extent to which appellee's wife contributes to the second family's resources. She serves as an accountant or bookkeeper for appellee's construction business. But no testimony was adduced at the hearing regarding her salary. There was also no testimony concerning the economic contribution of appellant's present husband.

Third, in addition to introducing the current tax returns of the parties, they were questioned at the hearing about their resources. Appellee indicated that for the twelve years preceding the hearing, he worked as a contractor. Initially, he made between $11,000 and $12,000 per year. He admitted that in the last three years, he has made "better money." His latest tax return indicates that he makes four times as much as he did twelve years ago, when the 1976 child support order was approved by, the court.

There was little testimony of appellant's resources. It is undisputed that she is now unemployed. The referee did not impute income to her apparently because she now has three

minor children of her own. Further, there was no direct testimony concerning her finances at the time of the dissolution in 1976. However, there was testimony that, prior to the 1976 order, appellant was working "*** two or three jobs ***." (Tr. 43.) Moreover, there was evidence from which one could estimate her approximate salary income. For instance, appellant has never made more than approximately four and one-half dollars per hour.

Although there was no direct testimony on the current needs of Jodi and how they have changed since the time of the original child support order insofar as the support guidelines establish the necessary support level, there is much more than a ten percent variation. Moreover, the referee concluded that appellee owed $15,250 in past due support for Jodi. Manifestly, this substantial arrearage has affected Jodi's needs.

Given this evidence, there was a substantial change of circumstances not contemplated at the time of the prior order which would justify modification. Although it is important for the parties to submit verifiable financial information regarding original orders, more than sufficient evidence was presented in this case to constitute a substantial change in circumstances.

The first and third assignments of error are well-taken.

The second and fourth assignments of error are also interrelated and are considered together. Appellant contends that the referee erred by recognizing the dissolution between appellee and his second wife, which resulted in rendering appellee unable to pay the child support arrearage for Jodi in any amount greater than $10 per week.

The referee found that appellee was in contempt of court for failing to pay child support. After crediting some payments to appellee, the referee found that appellee owed an arrearage of $15,250. The referee proceeded to determine the rate at which appellee should repay the arrearage. After considering extensive testimony presented on the validity and effect of the support orders of appellee's second marriage, the referee allowed full effect to those orders, as he found that appellee's dissolution with his wife Jean was bona fide.

It is undisputed that appellee conveyed all of his income to his second family by the second support order. The referee found that appellee's income for guideline purposes was $45,524. The support order from his second dissolution obligated him to pay $166[2] per week for each of his three children, resulting in an annual child support obligation of $25,896. The dissolution support order obligated him to pay $9,420 in alimony annually. Moreover, this order required appellee to make payments on debts totalling $10,600. And, he conveyed all of his interest in his residence to Jean. Thus, the second support order obligated appellee to pay more than his net income to his second family.

The referee concluded that appellee could only liquidate the arrearage owed for Jodi at the rate of $10 per week. This would result in repayment of the arrearage in twenty-nine years. At the time of the contempt hearing, Jodi was fourteen years old. Hence, this "repayment schedule" would continue through Jodi's childhood years and age of majority.

Appellant argues that the referee's wholesale acceptance of the second support order constituted an abuse of discretion because the facts of this case indicate that appellee and his second wife concocted this dissolution for the purpose of defeating Jodi's claim to child support.

The evidence shows that appellee and his spouse continued to live in the same house after their dissolution. Further, they apparently lived substantially as husband and wife. They both performed daily work around the house, raised the children and had meals together. They filed a joint tax return as a married couple in 1988. Notwithstanding, both claimed that they no longer engaged in sexual relations. Appellee testified that he does not have a key to the house.

Other facts developed at the hearing are pertinent. For instance, it is undisputed that appellee and Jean initiated their dissolution after appellant filed her motion for contempt. He claimed that he did not know what he was signing at the time of that dissolution. He testified that his wife, who normally handles the family finances, dictated the support agreement. He further stated that, at the time, she was concerned about protecting her own children, and that she pressed to obtain the dissolution prior to the contempt hearing. She admitted that, in committing appellee to the second order, she was concerned with the welfare of her own children.

Although appellee maintains that he did not know what he was signing, he has done

nothing to set aside the order. He testified before the referee that it was his intent to file a motion to vacate the order "sometime." He also testified that he never really wanted a dissolution at the time his spouse suggested such action.

The totality of the record before this court requires the conclusion that the second dissolution and support agreement were designed to protect the assets and income of appellee's present family. The parties cannot by voluntary agreement create a questionable preference for one family to defeat the just claims of another. Jodi is entitled to her fair share of support and to immediate payment of the arrearage to the extent of appellee's ability to pay. While gradual repayment of support arrearage has been sanctioned under Ohio law, *Snyder v. Snyder* (1985), 27 Ohio App. 3d 1, 3, the repayment plan in this case was not equitable.

The second and fourth assignments of error are also well-taken.

Appellant's assignments of error are sustained, and the Judgment of the trial court is reversed. This cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

McCORMAC and KERN, J.J., concur.

KERN, J., retired, of the Montgomery County Court of Common Pleas, assigned to active duty under authority of Section 6(C) Article IV, Ohio Constitution.

---

[1] C.P. Sup. R. 75 (III)(A)(5) provides:

"*Earnings and income verification. Earnings and income statements of the parents shall be verified with documentation of both current and past earnings and income.* Suitable documentation of current earnings and income includes pay stubs, employer statements, or receipts and expenses if self-employed. Documentation of current earnings and income may be supplemented with copies of the most recent tax returns and all supporting documentation and schedules to provide verification of earnings and income for a longer period of time." (Emphasis added.)

[2] As appellant points out, this figure is far in excess of the scheduled guideline amount for child support.