[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar appeal from the Geauga County Court of Common Pleas, Domestic Relations Division. Appellant, Gary Nelson Burg, appeals from a judgment entry overruling his motion to modify child support.
Appellant and appellee, Kathy Emerson Burg, were married on June 25, 1977, and two children were born as issue of the marriage. Pursuant to a judgment entry filed on January 17, 1995, the trial court granted the parties a divorce, and adopted the parties' separation agreement. The trial court named appellee the residential parent of the parties' children, and ordered appellant to pay child support of $695 per month, per child.
On January 22, 1996, appellee filed a motion to increase child support. In an agreed judgment entry filed on August 15, 1996, appellee's child support was increased to $900 per month, per child. That modification was based on a stipulation that appellant's annual income was $134,000. Furthermore, on March 3, 1997, appellant filed a motion to modify child support due to a change of circumstances that arose after the prior modification. The motion proceeded to an evidential hearing before a magistrate on September 5, 1997, and the only two witnesses who testified regarding the child support modification issue were appellant and his current wife, Patricia Sheen-Burg ("Patricia").
The magistrate subsequently issued findings of fact and conclusions of law, which included the following: (1) at the time of the hearing, appellant had not filed an income tax return for 1996; (2) Patricia prepared an income tax return for appellant, and stated that she was going to file a joint return after the hearing; (3) the 1996 income tax return of appellant reflected an income of $181,771; (4) appellant is retired, receives a pension of over $80,000 annually, and is currently self-employed in insurance sales; (5) appellant testified that he took lump sum withdrawals from some retirement accounts in 1996 to use as a down payment for a house, but the house was actually purchased in 1995; (6) appellant estimated that his income would be $12,000 to $15,000 lower in 1997 than in 1996; (7) during a hearing in July 1996, appellant provided a 1995 income tax return showing an income of $154,751, but in the current hearing, appellant submitted a 1995 income tax return reflecting an income of $138,459; (8) appellant and Patricia, being self-employed, working together in the same business, and controlling all records, were in a position to manipulate their income; (9) appellant and Patricia were not credible witnesses; and (10) appellant produced no competent, credible evidence that his income had been reduced since the prior modification. Therefore, the magistrate concluded that appellant did not demonstrate a change of circumstances that would justify a child support modification, and, accordingly, determined that appellant's motion to modify child support was not well-taken.
Appellant timely filed the transcript of the proceedings before the magistrate along with objections to the magistrate's decision. Appellant asserted that the following findings of fact were against the manifest weight of the evidence: (1) appellant and his current wife were not credible witnesses; (2) appellant and his current wife, being self-employed working together in the same business, and controlling all records, were in a position to manipulate their income; (3) appellant produced no credible evidence that his income had been reduced since the prior modification; and (4) appellant had failed to demonstrate a change of circumstances and/or a decrease in his income that would justify a modification of child support.
In a judgment entry filed on February 10, 1998, the trial court adopted the magistrate's findings on the issue of modification of child support, and overruled appellant's motion to modify child support. Appellant timely filed a notice of appeal, and asserts the following assignment of error:
 "The trial court erred in denying [appellant's] Motion to Modify Child Support and failing to credit [appellant] for business expenses and failing to exclude lump sum nonrecurring payments from income."
Appellant asserts that the trial court erred in overruling his motion to modify child support. Specifically, appellant asserts that his income for purposes of the child support calculation should have been reduced by the amount of his business expenses and the lump-sum withdrawals from his retirement fund.
The standard of review of a trial court's determination of whether to modify child support is whether the trial court abused its discretion. See Booth v. Booth (1989), 44 Ohio St.3d 142,144. When a party files a motion to modify child support, the court must: (1) determine whether there has been a change of circumstances; and (2) if the circumstances have changed, recalculate the child support obligation. Cheek v. Cheek (1982),2 Ohio App.3d 86, 87. The burden is on the moving party to demonstrate a change in circumstances. In re Whitmire (March 10, 1995), Ashtabula App. No. 93-A-1828, unreported, at 5.
In the case at bar, the trial court adopted the magistrate's finding that appellant and Patricia were not credible witnesses. Therefore, the court concluded that because they were the only witnesses who testified that appellant's income had decreased, appellant had not demonstrated a change of circumstances that would require a modification of child support.
Thus, the first issue for our review is whether the trial court erred in determining that appellant and Patricia were not credible witnesses. In Johnson v. Johnson (1991), 71 Ohio App.3d 713, 718, this court held:
 "`The appellate court will not pass on the credibility of witnesses which is a question solely for the determination of the jury. Further, the appellate court will not pass on the credibility of witnesses which is (a) question for the trial court in cases tried without a jury, or a master, auditor, or referee before whom the witness testified. The reason is that the judge or the jury who see and hear the witnesses testify and who observe their demeanor and appearance on the witness stand are in a better position to determine the credibility of the witness than the appellate court is by reading their evidence as it appears in the record.' 5A Corpus Juris Secundum (1958) 241-253, Appeal Error, Section 1645."
However, the trial court's determination of a witness' credibility is limited by an appellate court's ability to reverse a judgment that is against the manifest weight of the evidence when the record demonstrates that the trier of fact clearly lost its way in its evaluation of witness credibility. See State v.Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11.
In the instant matter, the record supports the trial court's finding that appellant and Patricia were not credible witnesses. As an initial matter, we note that there is a risk of bias because each of these witnesses stood to obtain a pecuniary benefit if appellant's child support obligation was reduced. Furthermore, appellant's testimony with respect to his income was replete with confusion. This is evidenced by the following exchange during his cross-examination:
 "Q. Mr. Burg, do you have any idea at all how much money you make?
 "A. Not really. Well, no. Yes I do. Yes I do. I didn't. I answered in the past. I really didn't care about it in the past. But now I'm very cognizant of it.
 "Q. Even though you have all these tax returns floating around, and you don't know really understand what they mean.
"A. Never have. Never did it."
Later, when asked whether he knew anything about the figures included in his tax returns, appellant responded, "[a]bsolutely nothing." Therefore, upon the demonstration that appellant lacked any understanding whatsoever with respect to his income and tax filings, the trial court properly concluded that his testimony was not credible.
Patricia also testified before the magistrate during the hearing in regard to appellant's motion to modify child support. Although Patricia is not a Certified Public Accountant and does not possess any formal education in accounting beyond some undergraduate courses in the 1970's, she prepared appellant's income tax return in 1995. However, Patricia admitted that she submitted a "guesstimate" tax return for the 1995 tax year at a July 1996 hearing relating to child support that showed appellant's income to be $138,459, while at the present hearing, she submitted a tax return for 1995, which was filed with the IRS, showing appellant's income to be $154,751.
Both Patricia and appellant admitted that they had not yet filed an income tax return for 1996; yet, Patricia prepared another estimated income tax return, which reflected appellant's income of $117,414.73. However, that amount did not include a purported $81,802.48 that appellant purportedly collected as a lump sum withdrawal from his retirement account in order to make a down payment on a home that was actually purchased in 1995. Based upon her inaccuracy in the 1995 estimate and the lack of IRS documentation supporting the figures relating to appellant's 1996 income, we cannot conclude that the trial court erroneously found Patricia's testimony to be not credible.
Therefore, the trial court did not abuse its discretion in overruling appellant's motion to modify child support because appellant presented no competent, credible evidence supporting the motion. Moreover, due to the lack of competent, credible evidence that appellant's income had changed, we need not reach the substance of appellant's arguments with respect to non-recurring income and legitimate business expenses because they depend upon the credibility of appellant and/or Patricia. Appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the trial court is affirmed. _______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.