OPINION
Plaintiff-appellant, Kathi S. Zimmer (nka Schear), appeals from an amended decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling her objections to the magistrate's decision and finding that it is not in the best interest of the minor children of the parties to relocate.
The marriage of appellant and defendant-appellee, Dale A. Zimmer, was terminated by an Agreed Journal Entry Final Decree of Divorce, filed March 6, 1997. Under the terms of the divorce decree, the parties were granted shared parenting of their minor child Andrew (born April 22, 1987), and appellant was designated as residential parent and legal custodian of their minor child Carolyn (born September 19, 1983). Subsequently, the trial court terminated the shared parenting plan for Andrew and designated appellant as residential parent and legal custodian for him as well, with appellee being awarded visitation with Andrew.
Appellant filed a motion for permission to relocate and a motion for modification of appellee's companionship on June 12, 1998. Appellee filed a motion for a reallocation of parental rights and responsibilities on July 15, 1998, but appellee subsequently withdrew this motion. The magistrate held hearings on appellant's motions beginning on June 11, 1999. In a magistrate's decision filed August 17, 1999, the magistrate found that appellant did not need permission of the trial court to relocate under R.C. 3109.051(G)(1), the relocation statute. However, the magistrate indicated that, under the terms of the divorce decree, appellant could not relocate the children outside the Columbus school district without consent of appellee or an order of the court. Therefore, the magistrate applied the best interest test from R.C.3109.04(F)(1), and concluded that it was not in the best interest of the children to relocate. Thus, the magistrate overruled appellant's motion for permission to relocate and denied her motion to modify appellee's companionship schedule.
Appellant filed timely objections to the magistrate's decision. Although the trial court initially remanded the matter to the magistrate to rule on appellee's motion to reallocate parental rights and responsibilities, appellee withdrew that motion on January 20, 2000. In an amended decision filed March 6, 2000, the trial court held that the question of whether appellant could relocate the children was governed by both the terms of the divorce decree and the relocation statute (R.C.3109.051[G][1]). The trial court found that, given the terms of the divorce decree which prohibit appellant from relocating the children without permission of appellee or a court order, the magistrate did not err in applying the factors of R.C. 3109.04(F)(1) to determine whether the proposed relocation was in the best interest of the children. Moreover, the trial court found that appellant bore the burden of proof because she was requesting the relocation. Upon reviewing the evidence presented, the trial court concluded that appellant failed to meet her burden of proving that it was in the best interest of the children to allow them to relocate. Thus, the trial court overruled appellant's objections. Appellant filed a timely notice of appeal. Additionally, appellee filed a motion for damages, expenses and attorney fees pursuant to App.R. 23 and R.C. 2505.35.
On appeal, appellant raises one assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING A "BEST INTERESTS" TEST, APPLICABLE IN A CHANGE OF CUSTODY PROCEEDING, TO A RELOCATION MATTER UNDER O.R.C. 3109.051(G), WHERE NO CHANGE OF CUSTODY WAS PENDING.
Both the trial court and the magistrate included an extensive account of the facts of the ongoing dispute between the parties over the care and control of their minor children. Because appellant's appeal focuses on a question of law, rather than the trial court's factual findings, a restatement of those facts is not germane to this appeal.
In appellant's single assignment of error, she argues that the trial court erred as a matter of law in applying the best interest test of R.C. 3109.04(F)(1) to her request for relocation under R.C. 3109.051(G), absent a motion to reallocate parental rights and responsibilities. We disagree.
As noted above, appellant does not challenge the trial court's findings of fact, instead she challenges the trial court's interpretation of R.C.3109.051(G). The interpretation of a statute is a question of law and is reviewed de novo on appeal. Miamisburg v. Wood (2000), 137 Ohio App.3d 623,625; State ex rel. Simmons v. Geauga Cty. Dept. of Emergency Serv.
(1998), 131 Ohio App.3d 482, 493. This appeal also involves the trial court's interpretation of the terms of the parties' agreed journal entry final decree of divorce. An agreed divorce decree, like a separation agreement, is an agreement of the parties that is made an order of the court. Contract principles apply to the interpretation of such agreements, and the interpretations are reviewed de novo on appeal as questions of law. See Patel v. Patel (Mar. 23, 1999), Athens App. No. 98CA29, unreported; Lizak v. Lizak (Feb. 13, 1997), Pike App. No. 96CA565, unreported; Forstner v. Forstner (1990), 68 Ohio App.3d 367,372.
Appellant focuses her argument on R.C. 3109.051(G), asserting that nothing in that statute gives a trial court the ability to block her decision to relocate the children outside of Columbus, Ohio. R.C.3109.051(G)(1) provides:
 If the residential parent intends to move to a residence other than the residence specified in the visitation order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the visitation schedule for the child.
Contrary to appellant's argument, neither the trial court nor appellee disagrees with her assertion that nothing in R.C. 3109.051(G) can be construed to limit her ability to relocate with the children.
However, appellant conveniently ignores the terms of her agreed divorce decree. Paragraph nine of the decree specifically provides that "[p]laintiff shall not relocate thereby giving rise to a school district different from the Columbus Public School district without the prior agreement of the parties or a final Ohio Court order which is not an exparte order." The clear and unambiguous meaning of this provision is that appellant cannot relocate the children without the agreement of appellee or a final order of the court. Appellant voluntarily consented to this provision as part of her agreed divorce decree. It is this provision of the agreed divorce decree, rather than R.C. 3109.051(G)(1), that gives the trial court the authority to deny her relocation. Such a provision is valid and enforceable under Ohio law. See, e.g., Hauck v. Hauck (Mar. 31, 1983), Cuyahoga App. No. 44908, unreported.
A review of the record reveals that appellant was fully aware that this provision limited her ability to relocate without appellee's permission or a final court order. Instead of filing a "notice of intent to relocate" under R.C. 3109.051(G)(1) as she now asserts, she filed a motion for "permission to relocate," which stated in the memorandum in support:
 In support of the above motion, it is submitted that pursuant to this Court's prior order, Plaintiff must obtain permission of this Court to relocate the parties' minor child, Andrew, and to re-enroll the minor child in a new school district.
 It is further submitted that it is the intent of the Plaintiff to relocate with both minor children to the city of Pittsburgh, Pennsylvania and said relocation is conditioned upon this Court granting permission for the same.
At some point between the filing of this motion and the filing of her objections to the magistrate's decision, she decided to ignore the terms of the agreed divorce decree and to pursue the statutory argument that she now asserts.
The question remains as to how this provision of the agreed divorce decree is to be construed in relation to R.C. 3109.051(G)(1). The magistrate found that the provision of the agreed divorce decree trumped the statute, while the trial court found that the magistrate was incorrect in that both the decree and the statute apply. We find that both the decree and the statute can be harmonized. Upon the filing of the notice of intent to relocate as provided in R.C. 3109.051(G)(1), the trial court must first determine whether any court orders, such as an agreed divorce decree, separation agreement or shared parenting plan, limit the ability of the parent filing the notice to relocate. Only upon the resolution of this issue favorably for the party filing the notice would the trial court then proceed with a hearing to revise the visitation schedule as provided in R.C. 3109.051 (G)(1). Here, because the trial court found that paragraph nine of the agreed divorce decree limited appellant's ability to relocate and that the relocation was not in the best interest of the children, there was no need to proceed with a hearing to revise the visitation schedule under R.C. 3109.051(G)(1).
Appellant also argues that the trial court erred as a matter of law in applying the best interest of the children test from R.C. 3109.04(F)(1) and by assigning her the burden of proving that the relocation was in the best interest of the children. The terms of the agreed divorce decree do not provide a standard for the trial court to employ in determining whether it will grant a court order allowing appellant to relocate the children. Thus, the trial court employed the best interest of the children test from R.C. 3109.04 (F)(1), which concerns the allocation of parental rights and responsibilities for the care of children and considers factors such as the wishes of the parents and the children, the children's relationship with family members, the children's adjustment to their home, school and community, and previous actions of the parents. This test is more appropriate to a relocation situation than the best interest of the children test in R.C. 3109.051(D), which focuses on issues surrounding visitation.
With regard to assigning appellant the burden of proof, the Cuyahoga County Court of Appeals held in Hauck that the burden of proof is on the party seeking to relocate the children when a divorce decree prohibits removal. Moreover, assigning appellant the burden of proof is consistent with Ohio domestic relations case law, under which the party seeking a modification of the status quo bears the burden of proving that the modification is warranted. See, e.g., Hamilton v. Hamilton (June 20, 1996), Washington App. No. 95 CA 6, unreported (modification of parental rights and responsibilities); Rohrbach v. Rohrbach (1988),40 Ohio App.3d 92, 93 (modification of child support); Bodine v. Bodine
(1988), 38 Ohio App.3d 173, 175 (modification of visitation).
Therefore, we conclude that the trial court did not err as a matter of law in interpreting the parties' agreed divorce decree, in interpreting R.C. 3109.051(G)(1), in applying the best interest of the children test from R.C. 3109.04(F)(1), or in allocating appellant the burden of proof. Consequently, appellant's single assignment of error is overruled.
With regard to appellee's motion for sanctions and attorney fees, the motion is denied. Although appellant's statutory arguments intentionally ignored the clear and unambiguous terms of the agreed divorce decree, which she clearly knew was dispositive of this appeal, she presented at least a colorable question of law as to the harmonization of the decree and R.C. 3109.051(G)(1), as well as to the test to be applied to her request for permission to relocate.
Based upon the foregoing reasons, appellant's assignment of error is overruled, the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed and the motion of appellee for sanctions and attorney fees is denied.
Judgment affirmed; motion for sanctions and attorney fees denied.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.