OPINION.
{¶ 1} This appeal arises from a Hardin County Common Pleas Court, Juvenile Division, decision denying Appellant, Darla Boose's, motion to modify the tax dependency exemption for her minor child with Appellee, Christopher Lodge. Because Boose, as the movant herein, failed to produce sufficient evidence to support a modification of the tax exemption allocation, we must affirm the decision of the trial court.
 {¶ 2} In 1992, Boose filed a complaint against Lodge to establish paternity of her child. Once paternity was ascertained, Boose was designated as residential parent and Lodge was ordered to pay child support. Initially, the parties were ordered to alternate years for claiming the tax dependency exemption for the minor child; however, in 1994, Lodge was granted sole entitlement to declare the child as a dependent for all tax purposes.
 {¶ 3} Thereafter, on December 13, 2002, Boose moved to modify the tax dependency exemption determination, claiming that a change in circumstances had occurred, that she was the custodial parent, and that she should be exclusively entitled to the exemption beginning in 2002, and all years following. After hearing, the trial court denied the motion, finding that Boose did not produce evidence necessary for the court to modify its prior orders. From this decision, Boose appeals, asserting three assignments of error for our review. For purposes of brevity and clarity, we have consolidated our review of the assigned errors.
 Assignment of Error I The trial court erred in placing the burden of proof on theplaintiff/appellant in this matter.
 Assignment of Error II The trial court's ruling was contra to law.
 Assignment of Error III The trial court's ruling is against the manifest weight of theevidence.
 {¶ 4} At the outset, we note that the allocation of tax exemptions is a matter resting within the sound discretion of the trial court and, therefore, will not be overruled absent an abuse of discretion.[1] An abuse of discretion connotes an attitude of the court that is unreasonable, arbitrary, or unconscionable.[2] Additionally, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.[3]
 {¶ 5} Under the federal tax code, the custodial parent is presumptively entitled to claim the child as a dependent.[4] This presumption, however, may be overcome and the dependency exemption may be allocated to the nonresidential parent when such allocation "would produce a net tax savings for the parents, thereby furthering the best interest of the child."[5] Such savings only occur if the noncustodial parent's taxable income falls into a higher tax bracket than the custodial parent's taxable income.[6]
 {¶ 6} In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent when both parents are in the same tax bracket, trial courts should review all pertinent factors, "including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates."[7] R.C. 3119.82
further provides that the court should consider the following:
any net tax savings, the relative financial circumstances and needs ofthe parents and children, the amount of time the children spend with eachparent, the eligibility of either or both parents for the federal earnedincome tax credit or other state or federal tax credit, and any otherrelevant factor concerning the best interest of the children.
 {¶ 7} In this case, the trial court determined in 1994 that Lodge, the noncustodial parent, was entitled to the tax exemption. Since Boose is currently the party seeking relief, claiming that the exemption should be modified, she is to "at least bear the burden of production" in establishing her claim.[8] While ultimate burdens of persuasion may shift on occasion, the party applying for relief should bear the burden of production.[9]
 {¶ 8} The evidence in this case establishes that for 2002, Lodge had gross income of $31,890.38 and Boose had gross income of $25,267.28. Testimony further established that the probable gross incomes in 2003, for Lodge and Boose would be $23,545.60 and $27,081.60, respectively. The only other evidence produced established that Lodge also claims a tax exemption for another child in his custody who is not related to Boose.
 {¶ 9} Without evidence of the parties' respective tax brackets for 2002, the trial court found it could only assume that Lodge would remain in a higher tax bracket based upon his gross income, thus overruling Boose's motion with respect to that year. Additionally, the court considered that no evidence was produced concerning whether or not the parties have other exemptions or deductions or taxable income, whether either party could file a joint income tax return, whether or not either party has income that impacts the relevant federal, state, and local income tax rates, or whether or not the parties would fall within the same tax bracket for 2003 based upon their stated probable incomes as of February of that year. Thus, the trial court determined that for tax year 2003, the motion should be denied for a lack of evidence to support a modification but that additional evidence could be raised at a later date. Based upon the limited evidence presented, we cannot say that the trial court's decision was unreasonable, arbitrary, or unconscionable.
 {¶ 10} For these reasons, Boose's first, second, and third assignments of error are overruled.
 {¶ 11} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.Judgment affirmed.
BRYANT, P.J. and SHAW, J., concur.
[1] Barlow v. Ray (May 2, 1997), Marion App. No. 9-96-68, citingEickelberger v. Eickelberger (1994), 93 Ohio App.3d 221, 226.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] Warnecke v. Warnecke, Putnam App. No 12-01-05, 2002-Ohio-1420, citing Hoitt v. Siefer (1995), 105 Ohio App.3d 104, 107.
[4] Barlow, supra.
[5] Singer v. Dickinson (1992), 63 Ohio St.3d 408, at paragraph two of the syllabus.
[6] Id. at 415.
[7] Singer, 63 Ohio St.3d at 416.
[8] Stafford v. Stafford (Feb. 4, 1994), Lucas App. No. L-93-026, citing Cheek v. Cheek (1982), 2 Ohio App.3d 86.
[9] Id.