LINEHAN, N.K.A. EPSTEIN, APPELLANT, *v.* LINEHAN, APPELLEE.

(No. 50624—Decided August 5, 1986.)

*Zashin, Rich & Sutula Co., L.P.A.,* and *John D. Sutula,* for appellant.

*William Carlin,* for appellee.

NAHRA, P.J. This is an appeal from the court of common pleas' decisions on several post-dissolution motions to "show cause." The following facts give rise to this appeal.

Sandra A. Linehan ("wife") and George F. Linehan ("husband") agreed to dissolve their marriage in 1981. A separation agreement was prepared which provided for: child support for their one child, alimony for Sandra Linehan, and a division of the marital assets. The dissolution was granted and the separation agreement was adopted and journalized.

The "show cause" motions stem from several disputes over provisions of the agreement. The disputes were heard by a referee. The trial court adopted the referee's findings of fact and conclusions of law. This appeal was timely filed by the wife.

I and II

The appellant's (wife's) first and second assignments of error are:

I

"The trial court erred, to the prejudice of appellant, in modifying alimony and property settlement provisions of the separation agreement incorporated in a decree of dissolution as provided in Revised Code Section 3105.61 *et seq.*"

II

"The trial court erred to the prejudice of appellant in not ordering the appellee [to] maintain the pension and/or profit-sharing fund for the benefit of the minor child and appellant."

These assignments of error present related issues; they are addressed jointly.

Initially, we note that the trial court does not retain jurisdiction to modify sustenance alimony following a dissolution. *McClain* v. *McClain* (1984), 15 Ohio St. 3d 289, 15 OBR 421, 473 N.E. 2d 811. Nor does a court retain jurisdiction to modify a property settlement. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 75 O.O. 2d 474, 350 N.E. 2d 413, limited on other grounds by *McClain, supra.*

The first dispute was whether the husband was obliged to keep insurance on his life for the benefit of the wife after his obligation to pay alimony terminated.

Paragraph 2 of the separation agreement provides:

"2. SEPARATE MAINTENANCE AND SUPPORT FOR WIFE

"ALIMONY: Husband agrees to pay to Wife as alimony Six Thousand Dollars ($6,000.00) per year paid at the rate of Five Hundred Dollars ($500.00) per month, on the first of each month in consecutive monthly installments, said payments are to continue so long as the Wife does not marry or until her death whichever comes first."

The parties agree that the husband's obligations under this paragraph have terminated due to the wife's remarriage.

However, the parties disagree on the effect of the remarriage on the husband's obligations in the following provisions:

"6. INSURANCE POLICIES AND PROFIT SHARING ON LIFE OF HUSBAND

"INSURANCE POLICIES: The Husband is the owner of Prudential Life Insurance Policy 75140394 with the face value of One Hundred Thousand Dollars ($100,000.00), ITT Life Insurance Corporation Policy No. 007153566 with a face value of One Hundred Seventy-Six Thousand Five Hundred Thirty-Nine Dollars ($176, 539.00) and ITT Life Insurance Corporation Policy No. 0070215803 with a face value of Three Hundred and Fifty Thousand Dollars ($350,000.00).

"The Husband agrees to maintain

the Prudential Life Insurance Policy No. 75140394 with the face value of One Hundred Thousand Dollars ($100,000.00), naming the minor child Jennifer A. Linehan as beneficiary, and Sandra A. Linehan as secondary beneficiary, said policy shall continue for the life of the Husband, or in the event the minor child predeceases the Husband until that date. The Husband agrees to maintain the ITT Life Insurance Corporation Policy No. 0070215803 in the face value of Three Hundred and Fifty Thousand Dollars ($350,000.00) until such date as the minor child Jennifer A. Linehan reaches age eighteen (18) and at that time the term portion of the policy will be decreased to Two Hundred Thousand Dollars ($200,000.00); at such time as the minor child Jennifer A. Linehan reaches the age of twenty-three (23) then ITT Policy No. 0070215803 term portion will be decreased to One Hundred Thousand Dollars ($100,000.00) face value, and maintained by the Husband for his life with Sandra A. Linehan as beneficiary and Jennifer A. Linehan as secondary beneficiary.

"The Husband further agrees to maintain the ITT Life Insurance Corporation Policy No. 007153566 having a face value of One Hundred Seventy-Six Thousand Five Hundred and Thirty-Nine Dollars ($176,539.00) and shall be maintained in that face amount until the minor child Jennifer A. Linehan reaches age twenty-three (23), at which time the face value will be decreased to One Hundred Thousand Dollars ($100,000.00), and said policy shall be maintained by the Husband for his life naming Jennifer A. Linehan as beneficiary and Sandra A. Linehan as secondary beneficiary.

"Husband shall furnish Wife evidence of payments on all insurance policies noted in the within section.

"PENSION AND/OR PROFIT SHARING PLAN: The Husband agrees that he will cause a change of death beneficiary under his profit sharing and/or pension plan at the place of his employment and that said death beneficiary shall be changed to Jennifer Linehan and maintained as such for the life of the Husband George Linehan. If Jennifer Linehan predeceases George Linehan, wife, Sandra A. Linehan, to be the beneficiary."

The referee interpreted the purpose of these provisions to be funding for alimony (Paragraph 2). Therefore, the obligation to keep these policies in force in favor of the wife terminated when she remarried.

A review of the entire agreement shows that the decision of the trial court was correct. Both Paragraphs 6 and 7 provide only death benefits to the appellant. She was not entitled to the annuity portions of the policies or pension. These provisions were designed to fund the alimony portion of the agreement in the event of death. The ending of the alimony obligation obviated the need to maintain policies for the benefit of the wife.

The court also reduced the amount of insurance the husband was obligated to maintain for the benefit of the daughter. The policies were designed to provide child support in the event of the husband's death.

The modification of child support must be based on a two-step analysis. The court must determine:

(1) If there has been a change in circumstances; and

(2) If so, a redetermination of the amount of child support that need be made. *Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86, 2 OBR 95, 440 N.E. 2d 831.

The evidence demonstrates that the husband has undergone a change in circumstances. The husband was recently laid off from his job of eleven years and was, at the time of the hearing, unemployed. Additionally, the child is now older and the husband will

only have to make full child support payments until 1995.

The court recognized these changes as sufficient. It then reduced the amount of insurance required from $350,000 to $200,000. These changes were adequately supported by the evidence.

The assignment fails.

III

The appellant's third assignment of error is:

"The trial court erred, to the prejudice of appellant, in not filing [*sic*] appellee in contempt of court for transferring the 1970 Corvette without granting appellant the first option to purchase, pursuant to the terms of the separation agreement."

The settlement agreement explicitly granted the wife a right of first refusal if the husband sold his 1970 Corvette. The appellant argues that the husband should be found in contempt because he failed to comply with this provision when he sold the car to his sister.

The trial court held that the husband did not violate the agreement because the sister holds the Corvette in trust for the husband. The court reasoned that the car was in a constructive trust because the husband transferred title to his sister in order to secure a debt. Additionally, the husband has retained the use of the vehicle.

The trial court erred in holding that the automobile is held in a constructive trust. R.C. 4505.04 provided, in part:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with sections 4505.01 to 4505.19, inclusive, of the Revised Code."

This statute prohibits the enforcement of a constructive trust. *Butler* v. *Case* (1954), 161 Ohio St. 288, 53 O.O. 172, 118 N.E. 2d 836. The existence of an unenforceable constructive trust is tantamount to a sale. The court erred by recognizing this trust.

It is uncontroverted that the husband failed to give a written option to the wife as required by the agreement. We find this amounted to contempt.

We remand to the trial court for further proceedings. It may be the husband can purge himself of contempt by rescinding the sale. If this does not occur, the court must fashion an appropriate remedy.

IV

The appellant's fourth assignment of error is:

"The trial court erred to the prejudice of appellant in granting appellee's motion to show cause when the report and recommendation of the referee does not contain any finding of facts relating to obstruction of visitation by appellant."

The appellant argues that the referee's findings did not provide the trial court with an adequate basis upon which to make an independent determination. Civ. R. 53 requires the referee to make a detailed finding of the facts that form the basis of his report. *Nolte* v. *Nolte* (1978), 60 Ohio App. 2d 227, 229, 14 O.O. 3d 215, 216, 396 N.E. 2d 807, 810. This detailed report is necessary so that the trial court may make an independent analysis of the case. *Id.* at 231, 14 O.O. 3d at 217, 396 N.E. 2d at 810. In the instant case, the referee recommended an alteration of the visitation rights. His finding underlying this recommendation was: "The referee finds that this would eliminate an arbitrary decision to deny the defendant of his right to visitation as agreed upon." Al-

though this finding is brief, it is sufficient when considered in context. Prior to the modification, the agreement provided:

"VISITATION RIGHTS OF HUSBAND: The Husband shall have the right to visit with Jennifer Linehan on Wednesday evening of each week away from the home if *deemed agreeable by the parties hereto.*" (Emphasis added.)

The court had a sufficient basis to conclude that the deletion of the italicized portion of the quoted provision was to prevent arbitrary action by the wife.

The assignment fails.

V

The appellant's fifth assignment of error is:

"The trial court erred, to the prejudice of the appellant, in not awarding the full amount of enforcement expenses against appellee."

The appellant argues that the court erred by awarding attorney fees.

The awarding of attorney fees is within the sound discretion of the trial court. *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 89-90, 2 O.O. 3d 65, 68, 355 N.E. 2d 894, 898. Upon appeal, the only questions for inquiry are whether the factual considerations upon which the trial court based the exercise of its discretion were against the manifest weight of the evidence, or, whether there was an abuse of discretion. *Id.* at 90, 2 O.O. 3d at 68, 355 N.E. 2d at 898.

The appellant argues that the trial court erred by not awarding her the full amount billed by her attorney, $3,474.60.

The referee allowed as reasonable all of the bills presented by the appellant, but limited the amount passed through to the husband. This limitation was made by considering the relative ability of the parties to pay. This was a permissible consideration. *Krantz* v. *Krantz* (Mar. 20, 1986), Cuyahoga App. No. 50300, unreported. The referee's report states, in detail, the financial positions of the parties. The trial court had a sufficient basis upon which to base its decision.

The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

*Judgment affirmed in part, reversed in part and cause remanded.*

CORRIGAN, J., concurs.

KRUPANSKY, J., dissents.

KRUPANSKY, J., dissenting. Although I concur with the majority's decision on Assignments of Error Nos. II, III and V, I respectfully dissent from the majority's opinion on Assignments of Error Nos. I and IV.

First, the case *sub judice* involves a dissolution of marriage. The parties' separation agreement was incorporated into the trial court's decree of dissolution of marriage. Paragraph 6 of that separation agreement, which deals with the husband's insurance policies and pension- and profit-sharing plans, is in dispute. The referee determined the provisions in Paragraph 6 of the parties' agreement constituted funding for appellee's alimony payments to appellant. The parties did not agree to alter or modify their separation agreement. A court cannot alter or modify alimony or property settlement provisions in a dissolution of marriage decree. *McClain* v. *McClain* (1984), 15 Ohio St. 3d 289, 15 OBR 421, 473 N.E. 2d 811; *Anderson* v. *Anderson* (1984), 13 Ohio App. 3d 194, 13 OBR 242, 468 N.E. 2d 784. Since the trial court determined the Paragraph 6 provisions constituted

alimony, the trial court erred in modifying the parties' separation agreement which was incorporated into the dissolution of marriage decree. Consequently, I would reverse and remand the case *sub judice* on Assignment of Error No. I.

Second, the referee entered a one-sentence finding of fact in support of his recommendation to alter the parties' child visitation agreement. Under Civ. R. 53 a referee's report must contain a sufficient factual statement explaining the basis of his recommendation to enable the trial judge to make a separate independent determination on the issue before the court. *Nolte* v. *Nolte* (1978), 60 Ohio App. 2d 227, 14 O.O. 3d 215, 396 N.E. 2d 807. I find the referee's brief conclusory statement insufficient to permit the trial court to render its own independent judgment on the issue of visitation. Consequently, I would reverse and remand the case *sub judice* for sufficient findings of fact on the issue of child visitation rights.