**BEHRISCH, Appellant,**

v.

**BEHRISCH, Appellee.**

[Cite as *Behrisch v. Behrisch* (1989), 62 Ohio App.3d 164.]

Court of Appeals of Ohio,
Summit County.

No. 13924.

Decided April 19, 1989.

*Dale C. Feneli,* for appellant.
*Sherrin Behrisch, pro se.*

MAHONEY, Presiding Judge.

Appellant, Rudolf Behrisch, appeals from the trial court's denial of his motion to modify his child support obligations. We affirm.

### Facts

On February 26, 1986, Rudolf and Sherrin Behrisch executed a separation agreement. That agreement was incorporated into the April 25, 1986 judgment entry of the dissolution of their marriage. Per the separation agreement, Rudolf's support obligation for each of the two children of the marriage was $250 per month plus all extraordinary medical, dental and hospital expenses, and drugs prescribed by a physician. This support was to continue during each child's minority unless that child, prior to reaching majority, married or otherwise became emancipated, had other means of support, or if Rudolf died.

On July 22, 1988, son, Mark Behrisch turned eighteen, the statutory age of majority. R.C. 3109.01. Subsequently, Rudolf moved for an order terminating his support obligations to Mark.

Following a hearing at which only Rudolf appeared, the referee made the following findings of fact:

"Petitioner Husband relies on *Morawetz v. Morawetz,* No. 41857 (8th District Court of Appeals, Cuyahoga County.) This case as quoted by husband's counsel holds that a divorce decree terminating child support *at age 18* is controlling over a statute which extends support through age 18 or high school graduation, whichever is later.

"The father testified the child is still in high school.

"The language of the separation agreement does not state 'at age 18', it states 'for the maintenance and support of each aforementioned child *during its minority.*'

"For this reason, the Referee disagrees with Petitioner Husband's contention and cannot modify prior order.  * * * "

The trial court adopted the report of the referee and denied the motion to modify. Rudolf assigns one error in this appeal.

### Assignment of Error

"The trial court erred in finding that the separation agreement does not state that the payment of child support terminates at age eighteen (18)."

■ Rudolf correctly argues that the support obligation imposed by the trial court terminated upon Mark's eighteenth birthday.

The common-law duty imposed on parents to support their minor children is partially codified in R.C. 3103.03, which reads in part, as follows:

"The husband must support himself, his wife, and his minor children out of his property or by his labor.  * * *

"Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority. * * * "

Of apparent significance to the trial court was the fact that Mark had not graduated from high school. If the statutory duties imposed under R.C. 3103.03 applied to the case before us, then Rudolf's obligation as a parent would indeed extend beyond majority until Mark completed his high school education. But, this case presents the issue of a divorced parent's court-ordered duties for support. These duties are governed by R.C. 3109.05, which provides as follows:

"(A) In a divorce, dissolution of marriage, alimony, or child support proceeding, the court may order either or both parents to support or help support their children, without regard to marital misconduct. * * * "

In *Meyer v. Meyer* (1985), 17 Ohio St.3d 222, 224, 17 OBR 455, 457, 478 N.E.2d 806, 808, the Ohio Supreme Court stated that:

" * * * There is no basis for the argument that R.C. 3103.03 governs, and that it fixes the primary support duty upon the father. R.C. 3103.03 refers to the 'husband,' not to the father. R.C. 3109.05 supersedes R.C. 3103.03 with the occurrence of a divorce or dissolution. See, *e.g., Hacker v. Hacker* (1981), 5 Ohio App.3d 46 [5 OBR 50, 448 N.E.2d 831]; *Hill v. Hill* (1973), 40 Ohio App.2d 1 [69 O.O.2d 1, 317 N.E.2d 250]."

Therefore, we must look to the plain language of the agreement between Rudolf and Sherrin which was incorporated into the decree of dissolution. See *Morawetz v. Morawetz* (Nov. 20, 1980), Cuyahoga App. No. 41857, unreported. This agreement specifically terminated support obligations once Mark's age of minority ended. Age of minority ends at age eighteen. No motion with supporting evidence as to mental or physical disabilities was presented which would, for compelling moral and public policy reasons, cause the domestic relations court to retain jurisdiction over this case and order a continuation of child support payments after the child reaches the statutory age of majority. See, *e.g., Castle v. Castle* (1984), 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803.

■ Based on the foregoing reasons, we find that the trial court erred in its application of the law to the appellant's motion to modify. However, we also find that the court's judgment properly denied the motion. The duty of support as to Mark as ordered by the dissolution decree was self-terminating upon the child's reaching majority. Thus, in the absence of a lawful motion to continue the support until graduation from high school, the court could not so

order *sua sponte.* Therefore, the court properly denied the appellant's motion which was in reality a request for an advisory opinion. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and REECE, JJ., concur.