### Rachel v. Rachel
*[Cite as 8 AOA 233]*

*Case No. CA-2769*
*Richland County, (5th)*
*Decided November 2, 1990*

*James R. Corley, 714 Richland Bank Building, Mansfield, Ohio  44902, for Plaintiff-Appellant.*

*John R. Enderle, 3 North Main Street, Mansfield, Ohio  44902, for Defendant-Appellee.*

MILLIGAN, J.

This action was commenced as one for alimony alone by the wife.  The husband counterclaimed, seeking a divorce on grounds of gross neglect and extreme cruelty.  During the pendency of the proceedings, he filed an amended complaint alleging separation for the statutory period.

The trial court divorced the parties, divided the modest assets, made provision for the payment of marital debts, and awarded modest alimony for a period of two years in this marriage of twenty-six years.  The court awarded no attorney fees.

The former wife appeals, assigning three errors:

"FIRST ASSIGNMENT OF ERROR
"THE COURT ERRED IN FINDING THAT THE PARTIES HAD BEEN SEPARATED FOR MORE THAN ONE (1) YEAR, WHICH ENTITLED THE DEFENDANT TO A DIVORCE.

"SECOND ASSIGNMENT OF ERROR
"THE COURT ERRED IN ITS DIVISION OF THE ASSETS AND THE ASSESSMENT OF ALIMONY.  THE JUDGMENT IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE.

"THIRD ASSIGNMENT OF ERROR
"THE COURT ERRED IN FAILING TO AWARD REASONABLE ATTORNEY FEES TO THE APPELLANT."

*Existence and Finality of Judgment.* The statutory prerequisite to exercise of jurisdiction by the court of appeals is the existence of a "final order" as defined in R.C. 2505.02 and required by R.C. 2505.03.

In this case, the alimony/divorce action has been resolved by the execution of a document entitled "Judgment Entry" that reads simply as follows:

"This matter came on before the Court upon the proposed findings of fact and conclusions of law being submitted to the Court by the attorney for the defendant, no brief being submitted by the attorney for the plaintiff.

"The Court hereby Orders that the findings of fact and conclusions of law submitted by the attorney for the defendant be adopted as the Order of this Court."

This document, signed by the judge and filed April 17, 1990, is the triggering mechanism for this appeal:

"It is a fundamental rule that a judgment must be complete and certain in itself. A judgment may be so uncertain as to be null and void. Inasmuch as the judgment and its enforcement are the end and aim of the whole

litigation, to satisfy this purpose the judgment must so dispose of the matters at issue between the parties that they, and such other persons as may be affected, will be able to determine with reasonable certainty the extent to which their rights and obligations have been determined. Accordingly, the judgment should be certain, definite, sufficient in itself, and not defer to the memory and recollection of one of the parties regarding what will constitute compliance therewith."

62 O.Jur. 3d, Certainty, Section 27, p. 352.

"The Civil Rule does not change Ohio traditions for the preparation of a judgment. The judgment should state the time of its rendition, the parties, the matter in dispute, and the result of the action, and the relief granted. The names of parties to a decree affecting their rights should also appear in the caption thereof." 67 O.Jur. 3d, Judgments, Section 29, p. 355.

We have previously determined that court orders affirming and approving reports of referees do not effectively divorce the parties. *Rader v. Rader* (Oct. 23, 1989), Delaware App. No. 89-CA-20, unreported; *Varner v. Varner* (Nov. 29, 1989), Holmes App. No. CA-396, unreported.

There are no more harried and overburdened courts than those dealing with issues of domestic relations. The sheer volume encourages bureaucratic mechanisms designed to expedite the process. Notwithstanding, the central function of the court is to render complete enforceable judgments which, on their face, direct the parties and all who examine them, of the legal rights and responsibilities established as a result of the judicial process. It is the central function of the court and requires consistent allegiance to the principle of completeness.

In this case, a legitimate question exists as to whether these parties are, in law, divorced.

We are also painfully aware that this is one of those cases of very limited resources, requiring inordinate investment of effort by counsel without reasonable expectation of compensation, and one that deserves fair resolution.

Driven by these considerations, we determine that the judgment is not void for want of certainty, but voidable.

We remand this cause to the Richland County Common Pleas Court, Division of Domestic Relations, for execution of a complete, certain judgment.

We also address the assignments of error in order.

I

If the parties are divorced at all, they are divorced upon grounds of gross neglect of duty and extreme cruelty, as well as living apart.

Appellant demonstrates no error vis-a-vis his argument with respect to the duration of separation.

The first assignment of error is overruled.

II

The limited property was divided in essentially equal portions.

As relates to sustenance alimony, the court, in addition to an allocation of property and debts, ordered the defendant to pay $100 per week for a period of two years, commencing January 31, 1990, terminable upon death, remarriage or co-habitation. The court explained its failure to make a health care award by noting that health insurance was available through her employer.

The court found that the wife, 45, has worked approximately 15 to 20 years during the marriage, and currently has gross monthly income of $652 from two jobs. The court further made findings with respect to her debt obligations. See separate findings of fact and conclusions of law.

The appellee, 46, is a corrections officer at Ohio State Reformatory, with gross income of $1,270 every two weeks. In addition he is a part-time security guard at Ashland University, paid $1,014 pear month. The court found that the security guard job would not be renewed in April 1990.

The award of alimony is within the broad discretion of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 450 N.E. 2d 1140.

The second assignment of error is overruled.

III

Upon the found facts, the trial court did not err in failing to grant an allowance for attorney fees to the wife. *Linehan v. Linehan* (1986), 34 Ohio App. 3d 124, 517 N.E. 2d 967.

The third assignment of error is overruled.

The judgment of the Richland County Common Pleas Court, Division of Domestic Relations, is affirmed.

PUTMAN, P.J., and SMART, J., concur.