In re Dissolution of Marriage of Lazor.

[Cite as In re Dissolution of Marriage of Lazor (1991), 59 Ohio St. 3d 201.]

(Nos. 90-1237 and 90-1422—Submitted March 19, 1991—
Decided May 15, 1991.)

*Amerman, Burt & Jones Co., L.P.A., James R. Brandon* and *Douglas C. Bond,* for appellant.

*Ross & Robertson* and *James T. Robertson,* for appellee.

H. BROWN, J. The primary issue for our determination is whether the decree of dissolution required appellee to continue making support payments to appellant for Kimberly after her eighteenth birthday.[3] For the reasons which follow, we find that it does not, and affirm the judgment of the court below.

## I

### Nature of the Support Obligation

There is uncertainty among the lower courts as to when the obligation of a noncustodial parent whose marriage has been dissolved to support his or her minor child terminates. Appellant, relying on *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1, 1 O.O. 3d 1, 351 N.E. 2d 174, contends that R.C. 3103.03 requires all parents, whether their marriage has been dissolved or not, to support their children so long as they are regularly attending high school, even if they are over the "age of majority" as defined by R.C. 3109.01. Appellee, primarily relying on *Meyer* v. *Meyer* (1985), 17 Ohio St. 3d 222, 17 OBR 455, 478 N.E. 2d 806, suggests that R.C. 3103.03 is superseded by R.C. 3109.05 upon the occurrence of a dissolution of marriage; and, consequently, that the noncustodial parent has no duty of support beyond that imposed by the domestic relations court in its decree. Because there is confusion in this area,[4] we now take the opportunity to clarify the nature of the child's right, and the parent's duty, of support.

Under R.C. 3103.03, all parents, whether married or not, have a duty to support their minor children; it follows logically from this that all children have a right to be supported by their parents, regardless of the parents' marital status. *Nokes, supra,* at 4-5, 1 O.O. 3d at 3, 351 N.E. 2d at 177; *Verplatse* v. *Verplatse* (1984), 17 Ohio App. 3d 99, 101, 17 OBR 161, 163, 477 N.E. 2d 648, 651-652. Where the parents are living as man and wife, it may be presumed that they are sharing

---

[3] Under case No. 90-1422, appellant presented the question of whether a court of appeals has discretion to refuse to certify to this court a case which is found to be in conflict with one from another court of appeals. The parties did not discuss this issue in their briefs on the merits, and we therefore choose not to consider it at this time.

[4] Compare *Behrisch* v. *Behrisch* (Apr. 19, 1989), Summit App. No. 13924, unreported (support obligation terminates on child's eighteenth birthday because R.C. 3103.03 is inapplicable), and *Hazlett* v. *Hazlett* (Aug. 17, 1988), Jefferson App. No. 87-J-10, unreported (same), with *Shapiro* v. *Shapiro* (Nov. 16, 1990), Miami App. No. 89 CA 66, unreported (duty of support imposed by R.C. 3103.03 continues after eighteenth birthday), and *Comeriato* v. *Comeriato* (Jan. 24, 1990), Summit App. No. 14246, unreported (same, distinguishing *Behrisch*).

this burden equally, supporting the child with the family's common resources.

When the marriage comes to an end, the question of how to allocate the burden of support between the parents arises. As in the instant case, this was often done by agreement.[5] However, no agreement between the parents may abrogate the right of the minor child of the marriage to be supported by either parent. Rather, the support agreement operates in a manner analogous to an indemnity agreement, fixing the relative contributions of each parent. Thus, a parent whose support obligation is limited by agreement would still be liable to provide for all the "necessaries" required by the child, but would be entitled to a contribution from the other parent for any amount expended beyond the agreed limit. *Meyer, supra,* which involved a court order determining custody and support pursuant to R.C. 3109.05, rather than an agreement by the divorcing parents, does not operate to change this principle.[6]

The instant case does not, however, involve appellee's ultimate obligation to support Kimberly. Rather, it concerns appellee's obligation to appellant under the terms of the separation agreement. We turn to an examination of the terms of that agreement.

## II
### Definition of "Age of Majority"

The separation agreement which is incorporated into the decree of dissolution provides that support payments are to terminate when the children reach the "age of majority." It is well settled that courts have no power to give a written agreement a meaning other than that which its own language provides. *Aultman Hospital Assn.* v. *Community Mut. Ins. Co.* (1989), 46 Ohio St. 3d 51, 544 N.E. 2d 920, syllabus; *Kelly* v. *Medical Life Ins. Co.* (1987), 31 Ohio St. 3d 130, 31 OBR 289, 509 N.E. 2d 411, paragraph one of the syllabus; *Blosser* v. *Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus; *Federal Gas & Fuel Co.* v. *Columbus* (1917), 96 Ohio St. 530, 544, 118 N.E. 103, 107; *First Natl. Bank of Van Wert* v. *Houtzer* (1917), 96 Ohio St. 404, 407, 117 N.E. 383, 384.

The phrase "age of majority" is unambiguously defined in R.C. 3109.01 as "eighteen years" old. Accordingly, we now hold that where the parties to a separation agreement agree that the obligation to make child support payments will terminate when the child reaches the "age of majority," the obligation to make support payments terminates when the child reaches his or her eighteenth birthday unless the parties specify some other definition of the phrase "age of majority."

Applying this analysis to the instant case, it is clear that appellee was not in contempt. There is nothing in the separation agreement which defines the phrase "age of majority" to mean anything other than age eighteen. Thus, we can only presume that the Lazors intended appellee's obligation to make support payments to ap-

---

[5] Under the new statutory child support guidelines, R.C. 3113.215 to 3113.218, effective April 12, 1990, all child support is to be calculated by the court. In the instant case, Kimberly turned eighteen on March 1, 1989, and appears to have graduated from high school later that year (mother's af-fidavit). Thus, the guidelines are inapplicable to the instant case.

[6] The instant case does not present the issue of what effect a court order pursuant to R.C. 3109.05 has on the child's support rights. We express no opinion on this issue.

pellant for each child to terminate on the child's eighteenth birthday. The trial court erred by, in effect, supplying a different definition for the phrase "age of majority" than that found in R.C. 3109.01.

### III
### Conclusion

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent from the judgment of the majority. I do so for the reasons which follow.

### I
### R.C. 3103.03

The content of R.C. 3103.03 is set forth in fn. 2 of the majority opinion. In the case before us, the trial court found that the child involved was continuously attending, on a full-time basis, an accredited high school. Further, during this period of time, the child reached the age of majority — age eighteen. Giving the statute its actual and literal reading, the duty of support continues "* * * even when such child has attained the age of majority. * * *" To hold otherwise writes the statute out of existence.

### II

The majority says that "[w]hen the marriage comes to an end, the question of how to allocate the burden of support between the parents arises. *As in the instant case, this was often done by agreement.* * * *" (Emphasis added.)

While, in general, this statement is accurate, it should not be construed to mean that an allocation is valid, binding and enforceable where the agreement is not accepted by the court or where the agreement is fundamentally unfair and attempts to negate the lawful responsibility of a parent to provide support. Now, pursuant to R.C. 3113.215, child support is statutorily determined and an agreement of the parties as to allocation is of little or no effect.

### III

The majority says that the case before us does not "* * * involve appellee's ultimate obligation to support Kimberly. * * *" Rather, says the majority, the case "* * * concerns appellee's obligation to appellant under the terms of the separation agreement. * * *"

It seems that what the majority is saying is that the child (Kimberly) has a cause of action against her father (appellee) and that if Kimberly enforces her claim, then appellee-father would have a right over against appellant-mother. The undesirability of that holding and arrangement should be obvious on its face. Further, that is not the law. The duty to pay and the benefit of the child support payments do not accrue to the benefit or credit of a custodial[7] parent. The separation agreement (as it pertains to child support) is merely a contract designating the party responsible for payment, and the party receiving the payments does so on behalf of the child involved. Thus, the obligation is to the child and not the opposing parent.

_____
[7] See R.C. 3109.04, effective April 11, 1991, for newly enacted "shared parenting" concept.

## IV

### Conclusion

The General Assembly has given us R.C. 3103.03. If that law has any meaning at all (see R.C. 1.47), it must apply to the case at bar. I believe the section clearly applies in this case and, therefore, I respectfully dissent.

SWEENEY and RESNICK, JJ., concur in the foregoing dissenting opinion.