**DUDZIAK, Appellee,**

v.

**DUDZIAK, Appellant.**

[Cite as *Dudziak v. Dudziak* (1992), 81 Ohio App.3d 361.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60847.

Decided June 15, 1992.

*Janice Edgehouse Rieth* and *Thomas J. LaFond,* for appellee.

*Wuliger, Fadel & Beyer, William T. Wuliger* and *Steven D. Jones,* for appellant.

ANN McMANAMON, Judge.

James M. Dudziak (the "father"), former husband to Nancy Dudziak (the "mother"), appeals a trial court order directing the father to pay child support for his daughter for the one month between her high school graduation and eighteenth birthday. He raises four assignments of error [1] arguing, in effect, that the court was without jurisdiction to modify retroactively his support obligation as provided in the parties' separation agreement. Upon review of the record and applicable case law, we affirm the order of the Domestic Relations Division of the Common Pleas Court.

The father and mother obtained a dissolution of marriage in 1981. A separation agreement incorporated into the decree gave custody of the parties' four minor children to the mother. It provided that the father pay a

---

1. See Appendix.

specific sum per child per week as child support. The agreement further stated:

"Upon graduation of the oldest child from high school on June ⎯, 1983 [the father's] support payment for the oldest child shall cease and husband shall thereafter pay increased child support for the three (3) remaining children in the sum of $57.69 per child per week until a child becomes emancipated or graduates from high school, whichever event occurs first."

In November 1983 and October 1988, the amount of the father's child support obligations was increased but the rest of the unmodified previous orders remained in effect.

The present dispute arose when Jennifer, the third child, was approaching her high school graduation on June 9, 1990, a month before her eighteenth birthday. The father filed a motion in May to terminate child support and, thereafter, a motion to suspend distribution of support payments requesting that Jennifer's support cease as of June 9, 1990. On June 18, 1990, the mother filed a motion to extend child support as well as a request for attorney fees.

A hearing was held before a referee on June 25. The parties stipulated that Jennifer graduated from high school on June 9 and that her eighteenth birthday occurred one month later on July 7, 1990. The father essentially argued that, pursuant to the separation agreement, the trial court lacked jurisdiction to order him to pay support for Jennifer beyond her graduation from high school.

In a report filed August 7, 1990, the referee recommended that the father continue to pay child support for Jennifer until July 7, 1990. The referee added, "This matter shall be rescheduled for further hearing on all pending motions on September 7, 1990 at 9:00 a.m."

The father filed timely objections to the report, which the court overruled on October 15, 1990. The father now appeals the order, which adopted the findings and recommendations of the referee.

■ Before addressing the merits of the case, we will consider the mother's argument that the present appeal must be dismissed since the order of October 15, 1990 is not final and appealable.

As we have noted, the referee's report, adopted by the court, concluded with the proviso that the matter be rescheduled for unspecified "pending motions." The mother posits that, since this entry called for a later hearing, it was not a final appealable order under R.C. 2505.02.

A review of the record discloses no motions pending or otherwise that would affect the finality of the order and we note that no further hearing took place.

We hold that once the trial court adopted the referee's report on October 15, 1990, the entry became a final appealable order.

Accordingly, appellee's motion to dismiss is overruled.

In his first assignment of error, the father argues the court erred in holding that R.C. 3103.03 required him to pay child support for Jennifer until her eighteenth birthday, rather than the date of her high school graduation. In his second assignment, he asserts the court erred in retroactively "modifying" his support obligation. Since these assignments are related, we will consider them together.

R.C. 3103.03, as provided in 1990 and at all times pertinent to this case, set forth:

"Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority."

The father argues this statute is inapplicable since it legislates a duty of support only during the pendency of a marriage and not after termination by a dissolution decree. He urges that R.C. 3109.05 is determinative. That statute, as written before April 11, 1991, provided in part:

"(A) In a divorce, dissolution of marriage, alimony, or child support proceeding, the court may order either or both parents to support or help support their children, without regard to marital misconduct. * * * * "

The father further relies on *Meyer v. Meyer* (1985), 17 Ohio St.3d 222, 17 OBR 455, 478 N.E.2d 806, which held that, upon the dissolution of a marriage, R.C. 3103.03 is superseded by R.C. 3109.05, which relieves the noncustodial parent of any duty to support beyond that imposed by the domestic relations court in its decree. See, also, *Behrisch v. Behrisch* (1989), 62 Ohio App.3d 164, 574 N.E.2d 1152 (support obligation terminates on child's eighteenth birthday since R.C. 3103.03 is inapplicable); *Hazlett v. Hazlett* (Aug. 17, 1988), Jefferson App. No. 87–J–10, unreported, 1988 WL 88385. But, cf., *Nokes v. Nokes* (1976), 47 Ohio St.2d 1, 1 O.O.3d 1, 351 N.E.2d 174 (R.C. 3103.03 requires all parents, whether their marriage has been dissolved or not, to support their children so long as they are regularly attending high school, even if they are over the age of majority); *Lingle v. Lingle* (Aug. 10, 1989), Cuyahoga App. No. 55786, unreported (same); *Shapiro v. Shapiro* (Nov. 16, 1990), Miami App. No. 89 CA 86, unreported, 1990 WL 177659 (same).

The case of *In re Dissolution of Marriage of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66, was an effort by the Ohio Supreme Court to address a perceived uncertainty among lower courts as to when the support obligation

of a noncustodial parent in a dissolution case terminates. As to R.C. 3103.03, the court observed:

" * * * [A]ll parents, whether married or not, have a duty to support their minor children; it follows logically from this that all children have a right to be supported by their parents, regardless of the parents' marital status." *Id.* at 202, 572 N.E.2d at 68–69.

The *Lazor* court further held:

"Where the parties to a separation agreement agree that the obligation to make child support payments will terminate when the child reaches the 'age of majority,' the obligation to make support payments terminates when the child reaches his or her eighteenth birthday unless the parties specify some other definition of the phrase 'age of majority.' " *Id.* at paragraph two of syllabus.

In Ohio, the age of majority is eighteen. R.C. 3109.01.

The present case is factually distinguishable from those cases which have addressed the issue. In the majority of cases, see, *e.g., Lazor, supra; Richardson v. Richardson* (June 3, 1991), Butler App. No. CA 90–05–099, unreported, 1991 WL 96379; *Little v. Little* (May 2, 1991), Greene App. No. 90–CA–77, unreported, 1991 WL 70723; *Makohon v. Makohon* (Dec. 21, 1989), Cuyahoga App. No. 56355, 1989 WL 155148; and *Lingle, supra,* the child reached the age of eighteen before graduating from high school. Those cases turned on whether, despite the terms of the separation agreement, a noncustodial parent's support obligation continued past the age of majority until the child's graduation from high school. In the present case, however, the issue is whether the father's support obligation continued until Jennifer attained the age of eighteen, even though she was graduated from high school one month earlier.

The separation agreement provided that the father's support obligation continued "until a child becomes emancipated or graduates from high school, whichever event occurs first."

Emancipation has been defined as the freeing of a minor child from parental control. *Price v. Price* (1983), 12 Ohio App.3d 42, 12 OBR 129, 465 N.E.2d 922, paragraph one of syllabus. A determination of whether a child is emancipated depends upon the particular facts and circumstances of each case. *Id.* at paragraph two of syllabus. A definition of emancipation would necessarily include marriage, self-support and/or residence beyond the care and control of parents. We cannot accept that emancipation is achieved or can be defined as high school graduation by itself.

It is undisputed that Jennifer Dudziak graduated from high school approximately one month before she turned eighteen. There is no evidence before

the court to indicate that the graduation ceremony "emancipated" her in any way.

As previously noted, the Supreme Court in *Lazor* held that an " * * * obligation to make support payments terminates when the child reaches his or her eighteenth birthday unless the parties specify some other definition of the phrase 'age of majority.' " *Id.* at paragraph two of syllabus.

■ Since a separation agreement may not abrogate the right of a minor child to be supported by either parent, see *Lazor, supra,* 59 Ohio St.3d at 203, 572 N.E.2d at 69, we find the father's obligation of support continued until Jennifer reached the age of majority, at which point she was legally emancipated.

In so holding, we do not find that the Dudziaks' separation agreement "specif[ied] some other definition of the phrase 'age of majority.' " In considering this issue, the *Lazor* court observed:

"There is nothing in the separation agreement which defines the phrase of 'age of majority' to mean anything other than age eighteen. Thus, we can only presume. that the Lazors intended appellee's obligation to make support payments to appellant for each child to terminate on the child's eighteenth birthday. The trial court erred by, in effect, supplying a different definition for the phrase 'age of majority' than that found in R.C. 3109.01." *Id.* at 203–204, 572 N.E.2d at 69.

Nor are we willing to construe the language in the present separation agreement "or graduates from high school" as a different definition of the phrase "age of majority." We conclude the trial court reasonably interpreted the agreement to mean that the father's child support obligation terminated when the child attained the age of eighteen. Accordingly, the court properly extended the father's support obligation until July 7, 1990.

The first and second assignments of error are overruled.

■ In his third assignment of error, the father posits that the court erred in granting a modification of child support in the absence of any showing of changed circumstances.

■ The modification of child support must be based on a two-step analysis. *Linehan v. Linehan* (1986), 34 Ohio App.3d 124, 517 N.E.2d 967. The court must determine (1) if there has been a change in circumstances, and (2), if so, a redetermination of the amount of child support that need be made. *Id.* at 126, 517 N.E.2d at 969. See, also, *Cheek v. Cheek* (1982), 2 Ohio App.3d 86, 2 OBR 95, 440 N.E.2d 831; *Bright v. Collins* (1982), 2 Ohio App.3d 421, 2 OBR 514, 442 N.E.2d 822.

In the present case, the trial court did not modify the child support as determined in the separation agreement, but merely sought to interpret and enforce it. After considering the mother's motion to extend support for the disputed period, the trial court held that the father was to pay child support until July 7, 1990, the date of Jennifer's eighteenth birthday, "absent evidence of legal emancipation prior thereto."

In reaching this determination, the trial court was without the benefit of the *Lazor* opinion, and was thus bound by relevant case law. The two cases it relied on significantly were *Makohon* and *Lingle, supra,* both released from this court. The referee's report, adopted by the court, stated:

"Both the *Lingle* and *Makohon* cases dealt with the extension of the duty to pay support through high school where the children turned eighteen before they graduated despite separation agreements to the contrary which provided that support was required only 'until they reached age eighteen' and 'during their minority.' In both, the appellate court made abundantly clear that the duty of support continues until the child is out of high school regardless of what the decree says, the clear intent of the legislation being to elevate the child's right to support over the parent's right to cease support when the child has not graduated by the eighteenth birthday."

The report concluded:

"Upon consideration, the Referee finds that the intent of the legislature behind R.C. 3103.03 was to remedy the gap wherein children who reach eighteen (and are ostensibly adults) who are still continuously attending high school could be cut off from support, in recognition of the rationale that the focus ought to be on the best interest of the child, not the parent. The Referee further finds that R.C. 3103.03 was meant to supplement and protect the child's right to support from both parents, and was not to be used offensively to limit the right of the child to be supported to less than that required by law pursuant to R.C. 3109.01. This Referee finds that in the within matter, the Court is being asked to terminate the legal right of a seventeen-year-old child to support on the basis of a parental contract which this Referee declines to do."

Prior to *Lazor,* pursuant to R.C. 3103.03, a noncustodial parent had a duty to support a minor child until the "age of majority," while the child was regularly attending high school. *Nokes, Makohon* and *Lingle, supra.* This was true, despite the fact that a separation agreement provided otherwise.

In this case, we hold that the trial court did not modify the child support, but merely interpreted it in light of case law outlining a parent's duty of support until the age of majority. We conclude that, because the court did

not modify the father's support obligation, the court was not required to determine if a change of circumstances existed.

Accordingly, the third assignment of error is overruled.

■ In his fourth and final assignment of error, the father posits the court's judgment is invalid since the mother failed to satisfy the requirements for a motion for relief from judgment.

He argues the mother's motion to extend child support payments should be treated as a motion for relief from judgment since it seeks to vacate a support order. He further claims that the mother failed to meet all of the Civ.R. 60(B) requirements; thus, the court erred in entering the order extending his support obligation.

■ It is well established that, when a court grants a judgment which incorporates a settlement between parties into a decree of dissolution, the separation agreement becomes a part of the decree and provisions thereof are enforced in the same manner as a decree or order of the court. *Greiner v. Greiner* (1979), 61 Ohio App.2d 88, 15 O.O.3d 95, 399 N.E.2d 571. A separation agreement providing for the support of children is, therefore, enforceable by the court. R.C. 3105.10(B).

A trial court also retains jurisdiction to modify a child support obligation. R.C. 3105.65(B) provides for the granting of a decree of dissolution of marriage incorporating the separation agreement when appropriate, and further that "[t]he court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation." *Alban v. Alban* (1981), 1 Ohio App.3d 146, 147, 1 OBR 454, 455, 439 N.E.2d 963, 965.

In light of the trial court's continuing jurisdiction, we hold a Civ.R. 60(B) motion to be inappropriate. In extending support through July 7, 1990, the court did not vacate the applicable provision of the separation agreement, but interpreted it in the context of applicable case law.

Accordingly, the fourth assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DYKE, P.J., and BLACKMON, J., concur.

## APPENDIX

Appellant's assignments of error are:

## I

"The trial court committed reversible error in ruling that the provisions of R.C. section 3103.03 required it to retroactively modify a child support order which terminated appellant's support obligation as of the date of the child's graduation from high school."

## II

"The trial court committed reversible error in retroactively modifying appellant's support obligation."

## III

"The trial court committed reversible error in granting a modification of support in the absence of any showing of changed circumstances."

## IV

"The trial court's judgment cannot be sustained on the basis of a judicial grant of relief from judgment pursuant to Civil Rule 60(B)."