OPINION
On August 7, 1970, appellant, George Robert Henning, and appellee, Deborah Sue Henning, were married. Four children were born as issue of said marriage, Brandon born July 16, 1973, Amy born June 7, 1974, Samantha born July 30, 1977 and Kathryn born November 19, 1982. On July 13, 1989, the parties filed a petition for dissolution. Attached to said petition was a separation agreement which had been executed on July 10, 1989. By judgment entry filed August 23, 1989, the trial court granted the dissolution and incorporated the separation agreement.
On May 13, 1996, appellant filed a motion for order to show cause why appellant should be held in contempt for numerous violations of the separation agreement. In response, appellant filed a motion to vacate the dissolution decree as a void judgment on May 21, 1996. A hearing was held on October 11, 1996. By judgment entry filed December 31, 1996 and nunc pro tunc judgment entry filed January 16, 1997, the trial court found appellant guilty of contempt on his no contest plea and denied appellant's motion to vacate.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AT LAW WHEN IT FAILED TO VOID THE DISSOLUTION DECREE OF AUGUST 23, 1989, WHICH INCORPORATED THE SEPARATION AGREEMENT OF THE PARTIES.
 I
Appellant claims the dissolution order incorporating the 1989 separation agreement is void because the trial court lacked statutory authority and subject matter jurisdiction to include provisions concerning matters only enforceable through Probate Court. We disagree.
Appellant claims the following provisions of the separation agreement render the dissolution order void:
 15. The Husband consents and agrees that, in the event that he shall remarry, he shall execute a prenuptial agreement which shall provide that his later wife shall have no right to any property owned by the Husband at the time of the within dissolution of marriage. Such prenuptial agreement shall further provide that the Husband's later wife shall have no right to the Husband's IRA account. Such prenuptial agreement shall further provide that, upon the Husband's death, all assets of every type and description, both tangible and intangible, which were owned by the Husband at the time of the execution of this Agreement, shall be transferred to the parties' children in equal shares, per stirpes and not per capita.
 The Husband further consents and agrees that he shall transmit a copy of such prenuptial agreement to the Wife after it has been signed by the Husband and his prospective later wife.
 16. The Husband consents and agrees that he shall execute a will which shall provide that, in the event that he shall have custody of any minor child of the parties at the time of his death, and that, if the Wife shall die before the Husband, guardianship of such minor child shall be transferred to the husband's brother, FREDERICK HENNING, and his wife, RITA HENNING. The Husband further consents and agrees that such will shall provide that, at the time of his death, all right, title and interest in and to all property, both real and personal, tangible and intangible, owned by the Husband at the time of the execution of this Agreement shall be transferred to the parties' children in equal shares per stirpes and not per capita.
 The Husband further consents and agrees that he shall transmit a copy of all new wills executed by him, to the Wife, immediately after they have been signed by the Husband.
Appellant argues R.C. 3105.63, which sets forth the provisions of a separation agreement, does not include these types of provisions. Appellant further argues R.C. 2101.24(A)(1)(j) confers exclusive jurisdiction on the Probate Court to construe wills. Appellant argues there was no consideration for the promises set forth in the provisions and therefore an enforceable contract to make a testamentary disposition did not exist.
The threshold issue is whether the trial court in 1989 had the authority to order the above cited provisions. We note the separation agreement is subject to complete defeasement if appellant no longer possesses the property owned at the time of the dissolution.
As the Supreme Court of Ohio noted in In re Dissolution ofLazor (1991), 59 Ohio St.3d 201, parties may go beyond statutory obligations in a separation agreement. The dissolution order and the separation agreement sub judice were clearly within the trial court's jurisdiction. The cited provisions include the disposition of all the property owned by the parties during the marriage. Appellant disputes the method of distribution.
The method of distribution is via appellant's promise to obtain a prenuptial agreement upon remarriage and make particular testamentary dispositions in drafting a will. Testamentary promises are not illegal and will only fail if the promises are not supported by sufficient consideration. Emery v. Darling
(1893), 50 Ohio St. 160.
Based upon this analysis, the cited provisions are not void for lack of subject matter jurisdiction but are voidable. A voidable judgment is one rendered by a court having jurisdiction but is irregularly and erroneously rendered. Black's Law Dictionary (6 Ed. 1990) 1573-1574. A voidable judgment is subject to the provisions of Civ.R. 60 (B):
 (B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
As stated by our brethren from the First District in In reMurphy (1983), 10 Ohio App.3d 134, 138:
 * * * The movant must file the Civ.R. 60 (B) motion within a reasonable time and is not limted to the one-year deadline applicable to motions made under clauses (1), (2) and (3). The trial court must find that the movant has a meritorious claim, is entitled to relief under Civ.R. 60 (B) (5), and filed the motion within a reasonable time. GTE Automatic Electric V. ARC Industries (1976), 47 Ohio St.2d 146 [1 O.O.3d 86]. * * *
 Among the factors to be considered by the trial court in determining whether relief from a decree of dissolution * * * should be granted under Civ.R. 60 (B) * * * are the following: what caused the delay in making the motion; whether the delay was reasonable; what personal knowledge the movant had about the nature, extent and value of all the marital assets (whether included or omitted); what the movant should have known about them in the exercise of ordinary care; whether the movant expressly or implicitly concurred in the property provisions of the separation agreement; what deceptions, if any, were used by the other spouse; and what has intervened between the decree and the motion (such as, remarriage of either spouse or both spouses).
Pertinent to this analysis is that appellant's motion to vacate the dissolution order was filed nearly seven years after the filing of the dissolution order incorporating the cited provisions. In his deposition filed October 9, 1996 at 7, appellant admitted he never fulfilled the obligations under the provisions because of a lack of financing, he never read the separation agreement when he signed it in 1989 and he never challenged the provisions until 1996. Appellant explained his inaction as follows:
 A. Because at the time I got divorced I didn't feel that it — I felt it was fair. I didn't know. And then afterwards I was so irritated with it I didn't want to take the time to see how bad I had been screwed.
G. Henning depo. at 10.
A motion for relief from judgment under Civ.R.60 (B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In considering the factors raised in In re Murphy, we find the trial court did not abuse its discretion in denying the motion to vacate. In exchange for the bargain struck in 1989, appellant received a dissolution and married his girlfriend who was pregnant with his child (June 19, 1996 T. at 6), the household goods and personal property from the Woodlawn Avenue property, the business which appellant admitted gave him a net of $10,000 per month, his vehicles and appellee's release of various legal rights and claims upon certain property. Upon review, we find the bargain struck to be supported by sufficient consideration. The judgment was voidable and under the dictates of In re Murphy, appellant failed in his claim. The trial court did not abuse its discretion in denying the motion to vacate.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00026
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.