OPINION
Petitioner Richard C. Hoelscher appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, which found he had failed to pay $986.90 plus poundage, in child support. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT INTERPRETED THE LANGUAGE OF THE PARTIES AGREED ENTRY OF 1989 TO REQUIRE PAYMENT OF CHILD SUPPORT BEYOND THE AGE OF 18.
The record indicates the parties dissolved their marriage on August 18, 1975. At the time, Petitioner/appellee Donna L. Hoelscher was pregnant. The parties executed a separation agreement which provided appellant would pay $35.00 per week child support after the child was born although the parties apparently concede appellant is not the child's biological father. The child was born on November 25, 1975, and appellant never paid child support or exercised visitation. In 1989, appellant and appellee executed an agreed entry, which established appellant's arrearage for child support was $21,063.75 as of December 1, 1989. The agreed entry also provided appellant would continue to pay child support at $35.00 per week, plus a variable amount against the arrearage, until the child reached 18. On August 18, 1989, the Fairfield County Child Support Enforcement Agency filed a contempt action, alleging petitioner had failed to pay $1,111.55, including poundage, for child support of the minor child owed from November 25, 1993, the child's eighteen birthday, through June 11, 1994, the date she graduated from high school. The matter was referred to a magistrate, who found the agreed judgment entry addressed payment of arrearages only, and did not modify the duration of the obligation to pay current support for the child. The magistrate found the original support order remained the same throughout the case, and thus, appellant was required to pay for the period of time prior to the child's high school graduation but after her 18th birthday. The trial court adopted the magistrate's decision over appellant's objections. Appellee argues R.C. 3103.03 provides child support shall continue beyond the age of eighteen so long as the child continues to attend an accredited high school on a full time basis. Appellant replies that the rules of contract construction apply here, rather than the statute. Appellant urges the parties' agreed entry of 1989 clearly states the child support shall continue until the child reaches age 18. Appellee urges our review of the trial court's judgment should be governed by the abuse of discretion standard, and urges us not to substitute our judgment for that of the trial court, see e.g. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219. We do not agree. The issue before the trial court was not an issue of fact, but a question of law. We find the trial court applied the wrong principles of law here. The Ohio Supreme Court has held when a separation agreement provides the obligation to make child-support payments terminates when the child reaches the "age of majority" the obligation terminates when the child reaches his or her 18th birthday, and that language bars a court from requiring support past the child's 18th birthday even if the child is still in high school, In Re: Dissolution of the Marriage of Lazor (1991),59 Ohio St.3d 201. The assignment of error is sustained.
For the foregoing reasons, the judgment of Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 ________________________________ GWIN, P.J.
FARMER, J., and MILLIGAN, V.J., concur.