[Cite as *In re Adoption of A.L.R.*, 2019-Ohio-4320.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF A.L.R. | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2019-G-0210** |
| | : | |
| | : | |
| | : | |

Appeal from the Geauga County Court of Common Pleas, Probate Division, Case No. 2018 PA 000524.

Judgment: Affirmed.

*Brian L. Bly,* Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Appellant, Dylan Jones).

*Jeffrey T. Orndorff,* Jeffrey T. Orndorff Co., L.P.A., 117 South Street, #110, P.O. Box 1137, Chardon, OH 44024 (For Appellees, John Riha and Lorraine Riha).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Dylan Jones, appeals the trial court's judgment that his consent was not required for appellees, John and Lorraine Riha, to adopt his natural daughter, A.L.R.

{¶2} Appellant acknowledges that he failed to provide for A.L.R.'s maintenance and support during the year before the Rihas filed the adoption petition. He therefore asserts as justifiable cause the absence of a child support order and appellees' failure to

request support.  Finding neither constitutes justifiable cause, we affirm.

{¶3}    Appellant raises one assignment of error:

{¶4}    "The trial court erred in disregarding binding case law from the appellate court, and ruling that the father's consent to the adoption of his daughter is not required, based on non-payment of support to the legal custodians, pursuant to R.C. 3107.07(A), despite the fact that child support had been neither ordered nor requested."

{¶5}    R.C. 3107.07(A) states that consent to adopt is not required of:

{¶6}    "A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor *or to provide for the maintenance and support of the minor as required by law or judicial decree* for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." (Emphasis added.).

{¶7}    The Rihas' adoption petition alleges appellant failed to provide for A.L.R.'s maintenance and support one year immediately preceding the filing of the adoption petition, and appellant's testimony confirms this.

{¶8}    In *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, 131 N.E.3d 28, the Ohio Supreme Court reviewed the various statutory provisions governing a natural parent's duty to support his child.  In doing so, the *B.I.* court references R.C. 3103.03(A) which states a "'biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor.'" *Id.* at ¶ 19.  B.I. further explains:

2

**{¶9}** "R.C. 3103.03 sets forth a parent's obligation to support his or her children in the absence of a child-support order. 'Under R.C. 3103.03, all parents, whether married or not, have a duty to support their minor children; it follows logically from this that all children have a right to be supported by their parents, regardless of the parents' marital status.' *In re Dissolution of Marriage of Lazor*, 59 Ohio St.3d 201, 202, 572 N.E.2d 66 (1991). But this general statutory declaration does not end our inquiry; it is merely the beginning.

**{¶10}** "* * *

**{¶11}** "Ohio's statutory scheme regarding families and children makes clear that there are two statuses of parental obligation: first, a general obligation of parents to support their children imposed by law in R.C. 3103.03, and second, a specific child-support obligation imposed by judicial decree pursuant to R.C. 3109.05 and Chapter 3119 that supersedes the general obligation once the court issues its decree. When R.C. 3107.07(A) uses 'or' in the phrase 'by law or judicial decree,' it recognizes that a parent's obligation of support can have one of two possible statuses–general or specific. But a parent can have only one obligation status at a time. * * * A parent is subject either to the general obligation or to a specific obligation and is evaluated accordingly." *Id.* at ¶ 21, 27.

**{¶12}** In the absence of a child support order, as in our case, a natural parent has an independent obligation to provide support for his child regardless of whether a request is made.

**{¶13}** In *In re J.A.B.*, 11th Dist. Trumbull No. 2013-T-0114, 2014-Ohio-1375, ¶ 45-46, this court held that the father had justifiable cause not to provide support when: (1)

3

he was incarcerated, (2) there was no existing child-support order, and (3) the child's legal custodian had not expressed an interest in receiving financial assistance. *J.A.B.*, however, does not consider the father's general obligation to provide child support under R.C. 3103.03(A). Given the emphasis *B.I.* places on that statute for its conclusion that a natural parent has a duty to provide support even in the absence of a support order, *J.A.B.* is not controlling.

{¶14} Appellant lacks justifiable cause for failing to provide support for A.L.R. during the statutory one-year period. Thus, the trial court correctly held that his consent was not required.

{¶15} Appellant's sole assignment is without merit. The judgment of the Geauga County Court of Common Pleas, Probate Division, is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

4